CORNELIUS McCART *vs.* JOHN P. SQUIRE & others.

Middlesex.   November 15, 1889. — January 2, 1890.

Present : DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Taking of Exceptions — Disallowance.*

At the trial of an action, the presiding judge, at the close of the charge, gave to the jury certain instructions requested by the defendants, with additions to which the defendants' counsel excepted. The judge after remarking that he thought the additions were not in conflict with the instructions requested, asked the counsel to point out the portion to which he objected, which the counsel then attempted to do. The judge again expressed the opinion that he had stated the law as had the defendants' counsel, and told the jury that he again instructed them in the language which the counsel then used, and the counsel expressed no further dissatisfaction. *Held*, that the exception was not properly saved.

PETITION to establish the truth of exceptions alleged by John P. Squire and others, in an action brought against them by Cornelius McCart, and disallowed by *Bishop,* J., who presided at the trial in the Superior Court.

The petition was referred by this court to a commissioner, to hear the parties and report his findings, his report, so far as material to the point decided, being as follows.

This was an action of tort under the St. of 1887, c. 270, for personal injuries sustained by the plaintiff while at work in the defendants' factory, alleged to have been caused by the negligence of one White, " who was then and there in the service of said defendants, and intrusted with and exercising superintendence, and whose sole and principal duty was that of superintendence." At the close of the evidence at the trial, the judge instructed the jury upon the principal questions in the case, and, among other things, instructed them that the first question was " whether White, whose negligence is alleged here to have been the cause of this injury, was or was not intrusted with and exercised superintendence, and whether his sole or principal duty was that of superintendence"; and that "the fact that, if his principal duty was that of superintendence, he occasionally, and, as one of the cases puts it, ' casually,' incidentally performed work with the workmen, will not prevent you from returning a verdict upon the theory and upon the basis that his principal duty was that of superintendence."

The defendants then presented to the judge five requests for instructions in writing, the third, fourth, and fifth of which were given, and the first and second of which were as follows:

1. " If the jury find that White was hired and required to perform habitually, and that he did perform habitually, daily manual labor as one of the gang of workmen, including the plaintiff, in the manufacture of the fertilizer material in the factory of the defendants, although he was a superintendent for some purposes, he is not a superintendent within the meaning of the statute of the year 1887, chapter 270, and the plaintiff is not entitled to recover for an injury caused by or arising from negligence of said White."

2. " If the jury find that White was a superintendent for some purposes, and that he was also habitually engaged in daily manual labor which he was hired and required to perform as one of the gang of workmen, including the plaintiff, in the manufacture of the fertilizer material in the factory of the defendants, and that White was negligent in an act of the ordinary manual labor in which he was engaged, White was not exercising superintendence within the meaning of the provisions of the statute of the year 1887, chapter 270, and the plaintiff is not entitled

to recover for an injury caused by or arising from said negligence."

The judge gave the first request, but with the following addition : " Gentlemen, you will understand what I have said to you with reference to this, and I give you this instruction, with this addition. But you are to find upon all the evidence before you whether he was or was not a superintendent ; that is, whether he did or did not solely or principally exercise the duties of superintendence ; and the fact that he performed manual labor every day, or upon occasion, in different parts of the department, does not prevent him from exercising superintendence as his principal duty and being such a superintendent as is contemplated by the statute."

The judge then gave the second request, with the following addition : " Gentlemen, I give you this instruction, with the instruction which I have already given you on this subject, and as defined or with the definition which I have already given you. You will understand from what I have already said, that, if the evidence is conflicting, — as there is conflicting evidence, — it is for you to determine whether he was or was not exercising, under the language of the statute, superintendence as his main and principal duty in the work ; whether under the language of the statute it was his principal duty, — whether his principal duty was that of superintendence. The evidence is conflicting, and it is for you to determine whether this is so or not, notwithstanding the fact that he performed manual labor in connection with superintendence."

John P. Wyman, Esq., the attorney for the defendants, then said that he desired to except to the above qualifications of the instructions requested ; to which the judge replied : " I think I gave them very fully as you desired. I think you should point out what portion of the charge you desire to take exception to." Thereupon Mr. Wyman said : " It seems to me that my requests for a ruling amount to this : that where a man is hired and is required to do manual labor daily, and actually is in the performance of manual labor daily, not casually, not occasionally, but as a habit performed manual labor in and about the factory or room where he is employed to work, even although he may be intrusted with certain duties which do partake of the nature of superintendence, or even can be called that of superintendence,

that the question then comes whether he is such a superintendent as is included within the meaning of the statute; and it seems to me that the qualification which your honor has given here leaves this jury to understand that if he now and then performed work simply as he saw fit, and that it was not his habit daily, — a daily habit of his life, and of the requirements of his employment, and of the contract under which he was hired, to perform them habitually and daily, — it seems to me that that precludes the jury from finding that he has not the duties of superintendence."

The judge, having remarked to Mr. Wyman, " I think I have given that fully," then said to the jury : " But, gentlemen, I give you that instruction in precisely the language which he has now stated, and which you have heard from him. I think the ruling which I have already given you is not inconsistent with Mr. Wyman's statement of the position. I think his statement of the position is consistent with what I have already stated to you. And in addition I give you the ruling which Mr. Wyman has now orally requested, and in the language which he has used."

At the close of this statement by the judge to the jury, nothing further was said by Mr. Wyman as to the instructions given to the jury; a verdict was returned for the plaintiff; and the defendants alleged exceptions, which were disallowed.

*B. F. Butler & J. P. Wyman, Jr.,* for the petitioners.

*C. J. McIntire,* for the respondent.

KNOWLTON, J. The defendants' requests for instructions were presented to the presiding justice at the close of the charge which covered the principal questions in the case. The first instruction asked for stated a proposition of law on the assumption that White " was hired and required to perform habitually, and that he did perform habitually, daily manual labor as one of the gang of workmen." After giving it, the presiding justice, apparently by way of caution, reminded the jury that the question was as he had previously stated it, whether White " did or did not solely or principally exercise the duties of superintendence." He told them that a finding, which included somewhat less than the hypothesis stated in the request, namely, that White " performed manual labor every day, or upon occasion,

in different parts of the department," would not prevent their deciding that he was a superintendent within the meaning of the statute.

The second request for an instruction assumed the same facts as the first, and also the fact that White's negligence was in an act of the ordinary manual labor in which he was engaged. After complying with this request, the justice, without referring to the second branch of the assumption, repeated to the jury, in slightly different language, the first part of the caution which he had given in connection with the former instruction.

Whether the additions which the judge gave to the instructions be deemed a material modification of them, or merely instructions not inconsistent with the others in a field not covered by them, it is obvious that the judge thought they were not in conflict with those requested, and he expressed that opinion to the defendants' counsel. At the request of the judge, the counsel then attempted to point out the portion of the charge to which he objected. The judge again expressed the opinion that he had laid down the law as the defendants' counsel then stated it, and told the jury that he again gave the ruling in the language which the counsel then used. The judge understood that he had complied with the defendants' requests, and that no exception was insisted on, and the defendants' counsel said nothing to indicate dissatisfaction with the last instruction, which purported briefly to cover the whole subject.

If the defendants' counsel still thought his requests had been materially modified, and intended to save an exception, it was his duty, in fairness to the plaintiff, as well as to the judge, to make known his dissent from the views last expressed by the presiding justice, and his wish to save an exception. The plaintiff's counsel, to avoid an exception, might then have suggested some qualification of the charge, or the judge might of his own motion have given further instructions which would have prevented the possibility of misunderstanding.

We are of opinion that the exception was not properly saved.

*Petition dismissed.*