GEORGE H. MULLER vs. ORRIN J. POWERS.

Worcester.    October 20, 1899. — November 29, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & LORING, JJ.

*Instructions — Saving of Exception.*

One issue in an action at law for an assault and battery was whether the defend-
ant had used more than reasonable force in endeavoring to expel the plaintiff
from the defendant's premises, the judge having instructed the jury that the
defendant had the right to use reasonable force.  As bearing upon the question
the judge gave an instruction to which the defendant's counsel at the close
of the charge excepted.  He then further instructed the jury upon this point,
and the defendant's counsel said nothing further.  The defendant, after verdict
for the plaintiff, excepted; and the exceptions were allowed if the defendant was
entitled to an exception to the part of the charge first mentioned.  *Held,* that
no exception was saved.

TORT, for an assault and battery.    At the trial in the Superior
Court, before *Gaskill,* J., the jury returned a verdict for the
plaintiff; and the defendant alleged exceptions, which appear in
the opinion.

*F. P. Goulding & F. W. Blackmer,* (*E. H. Vaughan* with them,)
for the defendant.

*W. S. B. Hopkins & F. B. Smith,* (*W. S. B. Hopkins, Jr.* with
them,) for the plaintiff.

LATHROP, J.    One issue in this case was whether the defend-
ant had used more than reasonable force in endeavoring to expel
the plaintiff from the defendant's premises.    The judge had in-
structed the jury that the defendant had the right to use rea-
sonable force.    As bearing upon the question of reasonable force
the judge gave an instruction to which the defendant's counsel
at the close of the charge excepted.    The court then further in-
structed the jury upon this point; and the defendant's counsel
said nothing further.    The defendant, after verdict for the
plaintiff, excepted; and the exceptions were allowed if the de-
fendant was entitled to an exception to the part of the charge
first mentioned.

It seems to us clear that no exception was saved.    The judge
by the additional instructions cured what he supposed was the

·difficulty in the mind of the defendant's counsel. In the language of Mr. Justice Knowlton in *McCart* v. *Squire*, 150 Mass. 484, "If the defendants' counsel still . . . intended to save an exception, it was his duty, in fairness to the plaintiff, as well as to the judge, to make known his dissent from the views last expressed by the presiding justice, and his wish to save an exception. The plaintiff's counsel, to avoid an exception, might then have suggested some qualification of the charge, or the judge might of his own motion have given further instructions which would have prevented the possibility of misunderstanding."

The other exception was waived.

*Exceptions overruled.*