GEORGE W. HUNT *vs.* BOSTON TERMINAL COMPANY.

Middlesex.    March 13, 14, 1912. — May 24, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DeCOURCY, JJ.

*Practice, Civil,* Exceptions.  *Damages,* In tort.

An exception cannot be sustained to the refusal of a presiding judge to give instructions based on fragmentary and indecisive parts of the evidence.

In an action for the amount paid by the plaintiff for medical attendance upon his wife in consequence of injuries sustained by her by reason of the negligence of the defendant, it is right for the presiding judge to refuse to give instructions based on the assumption that the plaintiff can recover for the expenses only of

such services as were necessary, because it may have been wise and proper at the time to incur expense for services which afterwards are shown to have been unnecessary.

In an action for the amount paid by the plaintiff for attendance of a physician upon his wife in consequence of injuries sustained by her by reason of the negligence of the defendant, if it is shown that the plaintiff used reasonable care in selecting the physician, that the bodily appearance of the plaintiff's wife resulting from the injuries and her honest statements of her feelings and sensations in view of the seriousness of the injury were such as might cause an attending physician to believe that a certain physical condition existed, and that the physician, so believing, gave treatment in accordance with his belief, including surgical operations, the plaintiff may recover a fair amount paid for the physician's services, although the supposed physical condition did not in fact exist and would not have been supposed to exist by a physician more skilful, experienced and highly trained, and even although the injuries might have been aggravated by the treatment given.

TORT for expenses alleged to have been incurred by the plaintiff in consequence of personal injuries sustained by his wife by reason of the negligence of the defendant on August 26, 1909. Writ dated January 25, 1911.

In the Superior Court the case was tried before *Bell,* J., together with an action by the plaintiff's wife for the injuries. The jury returned a verdict for the plaintiff in the sum of $625; and the defendant alleged exceptions, raising the questions which are stated in the opinion.

*J. L. Hall,* for the defendant.

*E. P. Saltonstall, (A. M. Beale* with him,) for the plaintiff.

RUGG, C. J. This is an action by a husband to recover compensation for expenses incurred by him in consequence of an injury to his wife occasioned by the negligence of the defendant. At the close of the charge there was a colloquy between counsel and the presiding judge in the hearing of the jury. The jury were instructed to treat what was then said by the judge to the counsel as said to them. In substance they then were told that it made no difference how much the plaintiff had paid for surgeons and physicians, he could recover only the fair value of such services so far as they were rendered in the treatment of physical ills resulting from the defendant's tort, and that he could not recover unless the services rendered were such that the doctors, if plaintiffs in an action against him, could recover, and that his right of action was measured only by his legal obligation to pay them. This was correct. It was assented to by the defendant. If anything inconsistent

with this had been said earlier in the charge, this was the final statement of the judge and corrected anything to the contrary which had gone before. *Todd* v. *Boston Elevated Railway,* 208 Mass. 505. It seems to cover the whole field for which recovery was sought. It is doubtful whether under these circumstances the previous exceptions saved by the defendant were not waived. *McCart* v. *Squire,* 150 Mass. 484. *Muller* v. *Powers,* 174 Mass. 555.

But assuming that all the defendant's exceptions are open, no error is shown. The Superior Court rightly refused to give the requests for rulings presented by the defendant. They were all based upon fragmentary and indecisive parts of the evidence. Moreover, none were correct statements of the law, because they assume that the test is whether the services rendered in fact by the physicians were necessary. The event may have shown them to be unnecessary, and yet they may have been wise in the light of facts known at the time they were rendered.

The requests of the plaintiff as modified by the judge and the portions of the charge to which exceptions were taken were in accordance with *McGarrahan* v. *New York, New Haven, & Hartford Railroad,* 171 Mass. 211, and did not go beyond it. The rule there stated is that where a person is injured by another's negligence, and uses reasonable care in selecting a physician to attend him and in following his directions, then the one guilty of negligence is liable for the resulting injuries even though a higher degree of medical skill might have minimized the injuries. If the appearance of the patient's body resulting from the defendant's wrong, together with an honest and fair statement of his feelings and sensations, are such as sometimes in common experience might cause an attending physician, selected in the exercise of reasonable prudence in view of the seriousness of the injury, to believe that a certain physical condition existed, and to give treatment in accordance with that belief, then the defendant will be responsible even though subsequent developments may demonstrate that the supposed physical condition in fact did not exist, and would not have been supposed to exist by a physician more skilful, experienced or highly trained, and even though the injury may be aggravated by the treatment in fact given. The causal connection is not broken under these circumstances, though one or even two surgical operations may have been performed. This was the sub-

stance of the charge. The defendant did not by its requests for instructions ask for the converse of this proposition nor call attention to the court's failure to give it in the suggestions made at the close of the charge. There appears to be nothing in the case under these circumstances to call for the application of the rule of *Daniels* v. *New York, New Haven, & Hartford Railroad,* 183 Mass. 393, and *Snow* v. *New York, New Haven, & Hartford Railroad,* 185 Mass. 321, as to the intervention of a new wrong and the breaking of the causal connection between the tort of the defendant and the final condition of the injured person.

*Exceptions overruled.*