PIOTR KOS, administrator, *vs.* NORBERT R. BRAULT.

Bristol.    October 28, 1924. — January 9, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Negligence,* Of physician.    *Proximate Cause.*

At the trial of an action of tort against a physician by an administrator
of the estate of a child for the causing of conscious suffering and the
death of his intestate, it appeared from evidence and findings of a jury
that the leg of the plaintiff's intestate was broken at his birth, that it
was set in splints by the defendant, that the splints afterwards slipped,
and that there followed a septic condition around the break which was
not caused by negligence of the defendant; there was further evidence
that the defendant was discharged and another physician was called,
through whose negligent treatment, following an operation, a state of
septicemia set in, resulting in the death of the child.   The judge refused
to instruct the jury that, the plaintiff having selected the second phy-
sician to attend the child, the defendant was responsible for the result,
even though the treatment by the second physician was improper and
negligent.   The jury found for the defendant.   *Held,* that

(1) The rule invoked by the plaintiff was one of additional damage
and was predicated upon the existence of an original actionable act of
negligence on the part of the defendant;

(2) The finding by the jury established that the defendant had not
been negligent;

(3) The jury not having found the fact upon which the ruling asked
for was predicated, the ruling properly was refused.

At the trial of the action above described, it was proper to permit the
defendant, physician, to answer in the negative a question, "Was there
anything in your treatment of the case, as you saw it, that was different
from the treatment of such a case by the ordinary practitioner under
similar circumstances?"

TORT, by the administrator of the estate of Stanislawa
Kos, for the causing of conscious suffering and the death
of the plaintiff's intestate.   Writ dated June 8, 1921.

In the Superior Court, the action was tried before *Walsh,* J.
Material evidence and requests by the defendant for rulings,
refused by the judge, are described in the opinion.   The jury
found for the defendant.   The plaintiff alleged exceptions.

*H. A. Lider,* for the plaintiff.

*J. P. Doran,* for the defendant, submitted a brief.

PIERCE, J.  This is an action of tort brought by an administrator to recover for the death and conscious suffering of his intestate, which are alleged to have been caused by the negligence and lack of skill of the defendant.

At the trial it appeared that the defendant, a practising physician and surgeon in the city of New Bedford, was called by the plaintiff to attend his wife in travail; that the wife gave birth to a child, the intestate, at about three o'clock in the morning of December 19, 1920; and that in the delivery, the femur in the left leg of the child was broken.

Contradicted by the defendant, the plaintiff introduced evidence which warranted a finding that the defendant did nothing for the broken bone at that time; that he went away and returned at about six o'clock in the evening of the same day, and then set the leg in splints in a manner that was improper and did not serve the purpose for which the splints were intended; that the defendant returned to see the child on December 20, 1920, at about six o'clock, and did not call to see or attend the child thereafter.  There was further evidence for the plaintiff that the splints became loose on December 23, and the defendant was notified thereof; that on December 24, a message was sent to him that the splints had "fallen down," with a request that he should come to the house, and that he did not do so; that on December 25, the plaintiff called at the defendant's home and asked that he be sent to see the child as the bandages were down and it was constantly crying.  The evidence was undisputed that the plaintiff, on the morning of December 26, in the exercise of reasonable care engaged one Lafrance, a practising physician in New Bedford, to attend the child; and later on the same day notified the defendant, upon his arrival at the house, that his services were no longer required.

There was evidence that Dr. Lafrance had an x-ray taken of the broken limb on December 26; that he ascertained by diagnosis that the hematoma over the part of the bone which was broken was in a septic condition; that by reason of the septic condition of the child the fracture became of secondary importance and could not be reduced until the septic condition was cured.  There was evidence by witnesses for

the plaintiff that after December 26, the condition of the child continued to improve until January 17, 1921, at which time the wound had closed; that on January 17, it was found that the fracture could not be reduced without an operation, as the broken ends of the bone adhered to the flesh and an incision in the child's leg was necessary; that at this operation Dr. Lafrance tied the broken ends of the femur together with a silver wire, and later on the same day ascertained from an x-ray examination that the bones were not in apposition; that he attempted by pulling to set the bones in apposition, and in this attempt pulled the wires out of place in the bones. It further appeared that following the operation and treatment by Dr. Lafrance, general blood poisoning set in and the child died on January 19, as a direct result of this poisoning. There was testimony to the effect that this treatment was negligent, that it was evidence of a lack of skill of Dr. Lafrance, and that the septicemia was caused by the negligent treatment or by reason of the wire which had been placed in the child's leg. There was testimony on behalf of the plaintiff that if the leg had been properly treated in the beginning the child would probably have recovered.

There was medical testimony for the defendant that in a delivery under conditions such as existed in this case it was not uncommon for a leg to be broken; and there was testimony that after the birth the defendant tied the broken leg to the child's body in such a way that no further injury could develop; that he set the leg on the evening of the same day; that he called to see the child every day from December 19 until December 26 (except on the twenty-fourth when he was out of town), until he was discharged by the plaintiff; and that he kept the splints in place around the leg by reenforcing the bandages.

At the request of the plaintiff the presiding judge instructed the jury in part as follows: "3. If you find that proper treatment of deceased required that the leg be mobilized, that is held rigid, that the defendant, Dr. Brault, in attempting to accomplish mobilization placed upon the limb of the deceased improper splints, or carelessly permitted the splints to become loose, and if the result of that was that the frac-

tured ends of the bone injured the tissues, which caused the septic condition, then you may find that the defendant, Dr. Brault, is liable for the septic condition and its consequences." And he refused to instruct them as follows: " 5. The plaintiff having selected Dr. Lafrance to attend the child the defendant is responsible for the result even though the treatment of Dr. Lafrance was improper and negligent. *Hunt* v. *Boston Terminal Co.* 212 Mass. 99." " No instruction was given to the jury concerning the liability of the defendant for the negligence of Dr. Lafrance. In other respects the jury was fully and correctly instructed on the law." The jury found for the defendant, and thereby necessarily found that no original, negligent act and no want of that reasonable degree of learning, skill and experience, which the defendant in law was required to possess and exercise, caused the bone in the leg of the intestate to be broken during the delivery, or at the birth of the intestate; or caused, through inattention, neglect and lack of professional skill, a septic condition in the leg over the part of the bone which was broken. *Adams* v. *Dick*, 226 Mass. 46. *Adams* v. *Hayden*, 236 Mass. 454, 459.

The plaintiff based his right to have the jury instructed as requested upon the rule of damages recognized in *McGarrahan* v. *New York, New Haven & Hartford Railroad*, 171 Mass. 211, *Hunt* v. *Boston Terminal Co.* 212 Mass. 99, *Gray* v. *Boston Elevated Railway*, 215 Mass. 143, and *Purchase* v. *Seelye*, 231 Mass. 434, 8 Am. L. Rep. 503, note 507, in substance, that a person injured through the negligence of another may recover of that person such additional damages as result to him from the negligence or want of skill of a physician, called to alleviate or cure the initial harm, if the person injured exercised reasonable care in selecting a competent physician. This rule of additional damages is predicated upon the existence of an original actionable act of negligence; and assuming such an act, the only question is, Are the damages sought to be recovered the direct consequence of the act? *Polemis, In re* [1921] 3 K. B. 560. With the finding of the jury, it follows that there was no issue of damages to which the requested ruling was applicable.

We find no reversible error in the negative answer to the question to the physician and defendant, " Was there anything in your treatment of the case, as you saw it, that was different from the treatment of such a case by the ordinary practitioner under similar circumstances? "

*Exceptions overruled.*