CELIA M. NELSON *vs.* ECONOMY GROCERY STORES COR-
PORATION.

Essex.   January 2, 1940. — March 11, 1940.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Negligence*, Store, Sidewalk.   *Practice, Civil*, Conduct of the trial: spe-
cial findings by jury, charge to jury; Exceptions: whether error
harmful.   *Evidence*, Admissions.

A finding by jury, at the trial of an action, grounded solely on negligence,
for personal injuries sustained when the plaintiff slipped upon a string
bean upon a public sidewalk in front of boxes on a vegetable stand of
the defendant, that the bean did not come from one of the boxes, and
the fact that there had been no evidence as to the length of time it had
been on the sidewalk or how it got there, rendered nonprejudicial to
the plaintiff instructions which had been given, in substance that, to
recover, he must prove that the presence of the bean on the sidewalk
ought reasonably to have been anticipated by the defendant.
A jury's answer to a special question was sufficiently shown by an answer
by a juror other than the foreman, assented to by the foreman on
further inquiry by the judge, without a polling of the jury.
A plaintiff was without standing to object to an instruction to the jury
which confined liability of the defendant within the scope of the
declaration.
The mere fact that, after a pedestrian had been injured by slipping
on a string bean on a public sidewalk in front of a store, an employee
of the proprietor swept the sidewalk, was not an admission by the
proprietor of liability for the injuries.
At the trial of an action for personal injuries sustained by a pedestrian
who slipped on a string bean on a sidewalk in front of a store of the
defendant near boxes of vegetables arranged on a stand, an error in
instructing the jury that, in determining whether a breach by the
defendant of an ordinance prohibiting maintenance of any stand on a
sidewalk for the display or sale of goods was evidence of his negligence,
they might consider violation of the ordinance by other storekeepers,
was rendered harmless to the plaintiff by a finding by the jury that the
bean upon which the plaintiff slipped had not come from one of the
defendant's boxes.

TORT.   Writ in the Superior Court dated November 19,
1936.

The action was tried before *Morton*, J.

*F. H. Tarr*, for the plaintiff.

*J. W. Sullivan*, for the defendant.

RONAN, J. The plaintiff, while travelling along Main Street in Gloucester in the early evening of August 29, 1936, slipped upon a string bean upon the sidewalk in front of the defendant's store and received personal injuries for which she seeks damages. The jury returned a verdict for the defendant. The plaintiff alleged exceptions to certain portions of the instructions to the jury.

On one side of the door, which was located in the middle of the front of the store, was a wooden stand ten feet long containing one or two rows of bushel boxes, tipped toward the street, for the display and sale of vegetables. At the time of the accident, various kinds of vegetables, including string beans, were in the boxes upon this stand. Goods were sold from this sidewalk stand to the defendant's customers, but, as there were no scales at the stand, the goods were taken into the store by a clerk where they were weighed and then delivered to the purchasers. Vegetables of the same kind were also sold inside the store. The boxes on the stand were replenished from time to time from a stock of vegetables kept inside the store. These boxes were not covered and if anything fell from a box to the sidewalk it was the duty of the defendant's clerks to take "it right up." The plaintiff testified that she was opposite the entrance to the store and was walking in the middle of this cement sidewalk, which was about ten feet wide, when she slipped "upon a piece of string bean, part of which was still on the bottom of her shoe." After she fell she noticed that there were fragments of vegetables along the sidewalk and at the edge of the stand. Her son testified that immediately after the accident there were beans, peas, pieces of cabbage and other vegetables on the sidewalk under and alongside the base of the stand. An ordinance of the city prohibited the maintenance of any stand upon a sidewalk for the display or sale of goods.

The plaintiff's declaration, which was in a single count, alleged that "the defendant, by its agents and servants, improperly and negligently placed, and suffered to be and remain on the sidewalk in front of said store premises, baskets or boxes of vegetables, and had improperly and negli-

gently placed or suffered to remain on the said sidewalk small quantities of string beans or other vegetables, which were scattered from said baskets or boxes thereon." It alleged no further or other breach of duty by the defendant. The answer was a general denial and an allegation of contributory negligence of the plaintiff. Although the liability of the defendant was posited upon negligence in the particular manner alleged in the declaration, it is apparent from the record that the case was tried not on this issue alone, but also upon the question of nuisance. Indeed, one of the parties has briefed and argued before this court the question of nuisance. The deviation of the trial from the issue raised by the pleadings seemed to have resulted in considerable confusion and uncertainty, but the plaintiff did not object to this extraneous issue being presented and submitted to the jury. She cannot now contend that she was thereby prejudiced. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 26, 27. *Wireless Specialty Apparatus Co.* v. *Priess*, 246 Mass. 274.

At the conclusion of the charge the plaintiff's counsel excepted "to that reference that it [the presence of the string bean on the sidewalk] was something that ought to be expected — anticipated or foreseen by the storekeeper," and also excepted to that portion of the charge in which the jury were told that if the string bean came upon the sidewalk from the box the plaintiff must prove that that was something the defendant should naturally have foreseen or anticipated. We assume in favor of the plaintiff that her exceptions relate to the two parts of the instructions that contained the only mention that it was for the plaintiff to prove that the presence of the string bean on the sidewalk was something the defendant should have reasonably anticipated.

We have examined the charge in reference to the matters to which objections were made. The jury were told, in substance, that if the string bean that caused the accident came from the box "then the plaintiff must satisfy you that that was something that the storekeeper should naturally have foreseen or anticipated, wholly aside from negligence,"

and later they were told that the "nuisance end of it so dominates the situation . . . If you find negligence then there is no liability again, unless you find that the presence of the string bean on the sidewalk was naturally to be anticipated or foreseen, just the same as a case of nuisance." These two statements seemed to have resulted from the attempt of the judge to treat together the issues of negligence and nuisance, when only the former was in the case and when the latter was separate and distinct from the former because negligence is not an essential element of a public nuisance. *Dalton* v. *Great Atlantic & Pacific Tea Co.* 241 Mass. 400. *Solomon* v. *Weissman,* 265 Mass. 423. *Bullard* v. *Mattoon,* 297 Mass. 182. But the jury found that the plaintiff did not prove that the string bean came from the stand, and this finding rendered immaterial the question of nuisance because no causal connection between the maintenance of the stand and the presence of the string bean on the sidewalk was shown. Consequently the plaintiff could not have been harmed by the first statement, contained in the charge, to which she objected. *Crowe* v. *Boston & Maine Railroad,* 242 Mass. 389. *Tucker* v. *Haverhill Electric Co.* 262 Mass. 81.

Disregarding the portions of the charge dealing with the question of nuisance and considering all the remainder of the charge, which we must do, *Cronin* v. *Boston Elevated Railway,* 233 Mass. 243; *Partridge* v. *United Elastic Corp.* 288 Mass. 138, it sufficiently appears that, after directing the jury's attention to the different sources from which the vegetable that caused the accident might have come, the judge instructed the jury that the defendant was not to be held liable unless it should have reasonably anticipated the presence of the string bean upon the sidewalk. The correctness of the charge must be determined by the state of the evidence. Here there was no evidence as to the manner in which the string bean happened to be upon the sidewalk and there was nothing whatever to show how long it had been there prior to the accident. It was not error in these circumstances to instruct the jury, as we construe this portion of the charge, that there was no evidence of negligence

other than the failure of the defendant to have anticipated that a string bean might become located upon the sidewalk. The negligent failure to anticipate the existence of a dangerous condition that he had brought about would make one liable for the resulting injuries. *Dulligan* v. *Barber Asphalt Paving Co.* 201 Mass. 227. *Delaney* v. *Framingham Gas, Fuel & Power Co.* 202 Mass. 359. *Ogden* v. *Aspinwall,* 220 Mass. 100. *Beauvais* v. *Springfield Institution for Savings,* 303 Mass. 136. But there is no breach of duty if one is not responsible for the creation of the conditions that caused the injury. The charge, in so far as it covered the question of negligence, left to the jury the only possible view of the evidence on which a recovery might conceivably have been had if the defendant were shown to have adopted a course of conduct resulting in making the sidewalk dangerous. The defendant ought not to be held liable for something dropping upon the sidewalk from a customer's bag or for any small article or substance being tracked out of the store by the customer's shoes and deposited upon the sidewalk, unless such an occurrence could fairly be found to be a usual and ordinary result of the manner in which the defendant conducted its business. The locus of the accident was a public way which was not under the control or supervision of the defendant. It was not under any obligation to keep the way reasonably safe for the use of travellers, but it was bound to take reasonable measures that no action on its part rendered the way unsafe for public use. It was not responsible for dangerous conditions in the way that were caused by others and in which it did not participate. *Dahlin* v. *Walsh,* 192 Mass. 163. *Sanborn* v. *McKeagney,* 229 Mass. 300. *Tiffany* v. *F. Vorenberg Co.* 238 Mass. 183. *Agnew* v. *Franks,* 255 Mass. 539. *Catino* v. *Sorrentini,* 288 Mass. 89. *Bamberg* v. *Bryan's Wet Wash Laundry Inc.* 301 Mass. 122.

The charge was based upon the evidence, and the jury must have understood that the plaintiff, in the absence of any evidence as to the manner in which the string bean had come to be upon the sidewalk or how long it was there before the accident, could not recover unless the presence

of the string bean ought reasonably to have been antici-
pated by the defendant. The plaintiff does not show that
her rights were prejudiced by the charge. *Lockwood* v.
*Boston Elevated Railway*, 200 Mass. 537. *Cronin* v. *Boston
Elevated Railway*, 233 Mass. 243. *Commonwealth* v. *O'Con-
nell*, 274 Mass. 315. *Anderson* v. *Beacon Oil Co.* 281 Mass.
108. *Partridge* v. *United Elastic Corp.* 288 Mass. 138.
*Ouillette* v. *Sheerin*, 297 Mass. 536. *Squires* v. *Fraska*, 301
Mass. 474.

When the jury returned with the verdict the judge in-
quired, "did your panel agree as to whether the string bean
came from the receptacle?" The foreman answered in the
negative. The judge then asked: "Did you disagree upon
it?" A juror then replied: "We agreed it didn't come from
the box." The judge then asked: "Is that right?" and the
foreman answered, "Yes." There is nothing in the conten-
tion of the plaintiff that it is impossible to determine what
was the special finding of the jury. The foreman agreed
that the statement made by another juror that the string
bean did not come from the box on the stand was correct
and no member of the panel expressed any dissent. It was
not necessary to poll the jury. It must be held that they
all concurred in the statement of the foreman. "All the
jurymen were bound by it and could not be heard to com-
plain of it. No one else can dispute it." *Dziegiel* v. *West-
ford*, 274 Mass. 291, 296. *Wallace* v. *Ludwig*, 292 Mass.
251, 259.

The plaintiff further contends that the charge unduly
limited recovery to the issue that the string bean that caused
the plaintiff's injury must be shown to have come from a
box upon the vegetable stand. The plaintiff is bound by her
allegations that her accident was caused by vegetables
"scattered from . . . baskets or boxes" which were negli-
gently placed upon the sidewalk. The charge in this respect
was within the scope of the pleadings. The judge was right
in submitting to the jury the precise issue raised by the
declaration. *R. J. Todd Co.* v. *Bradstreet Co.* 253 Mass. 138.
*Ferris* v. *Boston & Maine Railroad*, 291 Mass. 529. In the
next place, in view of the special finding of the jury, the

plaintiff not only failed to prove the vegetable came from the box, but in fact she did not show where it came from or that the defendant was responsible for its presence upon the sidewalk or that it was there in such circumstances that it was negligent for the defendant not to have removed it before the accident. *Sweatland* v. *Springfield Public Market, Inc.* 247 Mass. 268. *Smith* v. *Locke Coal Co.* 265 Mass. 524. *Catino* v. *Sorrentini,* 288 Mass. 89. *Renzi* v. *Boston Elevated Railway,* 293 Mass. 228. *Bamberg* v. *Bryan's Wet Wash Laundry Inc.* 301 Mass. 122.

The fact that immediately after the accident one of the defendant's clerks swept the sidewalk was not an admission of liability. *Tiffany* v. *F. Vorenberg Co.* 238 Mass. 183. *Hargreaves* v. *Keogh Storage Co.* 250 Mass. 339.

It was error to instruct the jury that they could consider the violation of the ordinance by other storekeepers in determining whether the breach of the ordinance was evidence of negligence. The law to the contrary is well settled and the effect to be given to a breach of the ordinance is well established. *Gately* v. *Taylor,* 211 Mass. 60. *Morley* v. *Police Commissioner of Boston,* 261 Mass. 269, 280. *Baggs* v. *Hirschfield,* 293 Mass. 1, and cases cited. *VanDresser* v. *Firlings, ante,* 51. The error was rendered harmless by the special finding of the jury. *Shea* v. *Manhattan Life Ins. Co.* 224 Mass. 112. *Pierce* v. *Hutchinson,* 241 Mass. 557. *Kos* v. *Brault,* 250 Mass. 467. *Cameron* v. *Buckley,* 299 Mass. 432.

*Exceptions overruled.*