No. 2956 . Northern Middlesex, ss.

BERN (Milton Band)
v. BOSTON CONSOLIDATED GAS CO.
(Badger, Pratt, Doyle and Badger)

From the District Court of Newton—Weston, J.

Argued June 16, 1941—Opinion Filed July 28, 1941

HENCHEY, J. (Jones, P.J., & Wilson, J.)—In this action the plaintiff seeks to recover for personal injuries and damage to his automobile caused by a defect in Hammond Street, a public highway in the City of Newton. The plaintiff's declaration contained three counts; the first count contained a general allegation of negligence; the second count was based on a violation of G. L. c. 164, s. 70, alleging a public and private nuisance under the statute; and the third count alleged a public nuisance at common law, resulting in a private nuisance and causing an injury to the plaintiff.

The trial judge found for the defendant and the case comes before us on the plaintiff's objection to certain findings and rulings of the trial judge.

There was not much dispute as to the facts involved. It appeared that the plaintiff was driving his automobile along the right hand side of Hammond Street, Newton, at 12:30 a. m. on January 15, 1940, and going about twenty miles per hour; it was raining very hard at the time and had been raining for hours; the plaintiff hit something in the road and the rims of his two right wheels were damaged. The plaintiff stopped his car within fifteen feet and just then two police officers of the City of Newton drove up in a police car. One of the officers and the plaintiff went back to see what the plaintiff had hit. The officer had a flashlight. They found a hole in the road about two feet long, two feet wide and one foot deep, and containing water almost to the level of the surface of the roadway. There were no safeguards of any kind about the spot.

This hole was in a trench running from the middle of the road to the entrance of 517 Hammond Street. The surface of the trench was sand and gravel, and the road surface at this point was a macadam road.

Hammond Street was patrolled by a police officer about every hour. A police officer patrolling his beat at 12:10 a. m. on January 15, 1940, for the first time noticed a hole in the roadway and examined it; he then went to a police box two hundred yards away and reported the hole to police headquarters. The police department notified the street department and before 1:00 a. m. horses and lights were placed on each side of the trench.

On December 30, 1939, the Boston Consolidated Gas Company had been notified by a customer of leaking gas at an adjacent house; an inspection was made and shortly before noon the gas company began to dig a trench in Hammond st. in order to repair the leaking gas main. The gas company did not ask for or obtain any permit from the City of Newton to dig this trench.

The trial judge made a detailed finding of facts, substantially as above set out. He found that the leaking gas created a dangerous situation, requiring immediate attention, and that when the defendant gas company began to work, it was too late to secure a permit at the Newton City Hall. The trial judge found that the hole was present in the street for only a few hours and that it was caused by a torrential downpour of rain. The trial judge then concluded that "the defendant was not negligent, and I therefore find for the defendant."

At the appropriate time the plaintiff filed requests for rulings, fifteen in number, some of which the trial judge denied. It is not necessary for us to discuss each request separately. In our opinion, the plaintiff on the evidence presented was not entitled to recover under any count in his declaration. While the trial judge's rulings in denying certain of the plaintiff's

requests are not perfectly clear, we believe no harm has been done to the plaintiff.

As for the count which sounds in negligence, there can be no doubt but that it is the plaintiff's duty to prove the negligence of the defendant and failing to do so he cannot recover. *Ash* v. *Childs Dining Hall Co.* 231 Mass. 86. The trial judge found that the defendant was not negligent, in other words that the plaintiff has failed to sustain the burden of proof. It cannot be said that this finding was unreasonable in view of the evidence as above related. To be sure, the defendant failed to comply with the statute, but in view of the emergency, such violation of the statute does not necessarily prove negligence.

The second count is based upon G. L. c. 164, s. 70. That statute provides that a gas company shall be guilty of a nuisance if it fails, within a reasonable time, to place the street in as good repair as it was in when opened. If the defendant here has failed so to do it is liable under the statute.

There is nothing in the evidence to indicate that the street was not in good repair when the defendant completed the task of replacing the broken gas main. Some days elapsed and the road was in constant use. Then, after torrential rains, a hole appears where the defendant company dug its trench. There is no evidence that the trench was not properly filled in after the excavation for repair work. Nor is there any evidence that the defendant failed, within a reasonable time, to repair the defect. Not having met the requirements of the statute, the plaintiff cannot prevail on this count.

Finally, we hold that the plaintiff is not entitled to recover under the third count in his declaration, namely for a common law nuisance. Liability for a nuisance at common law was present where a defendant maintained on land, owned or controlled by the defendant, anything which constituted a menace to the general public. *Jones* v. *Inhabitants of Town of Great Barrington,* 273 Mass. 483. For so doing, the defendant could be prosecuted. Further, when such a nuisance caused special damage to an individual, a private action for damages could be maintained. *Flynn* v. *Butler,* 189 Mass. 377. We cannot agree with the view apparently held by the trial judge that without proof of negligence liability for a nuisance does not arise. *Nelson* v. *Economy Grocery Stores,* 305 Mass. 383. In *Nichols* v. *Boston,* 98 Mass. 39, the court was dealing with the question of liability for a nuisance and said that a person may be liable "If he suffers it to continue after notice of its existence and a request to remove it."

In the instant case, most of the elements are lacking which were present in the cases where liability in damages to an individual attached because of a nuisance. Here the defendant company did not own the land where this hole was. For all that appears it put the street back in a good condition. Then because of a very heavy rain, a hole developed, without the knowledge of the defendant company, and within a few hours

the plaintiff suffered injury, and damages therefrom. There is no evidence that the defendant failed to correct the situation which developed. We cannot come to the conclusion that under these circumstances the defendant should be held liable for maintaining a nuisance.

Report dismissed.