WILLIAM A. GILHOOLEY vs. STAR MARKET COMPANY, INC.

Essex. November 7, 1986. — June 8, 1987.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Instructions to jury. *Negligence,* Retailer.

In an action to recover damages for personal injuries sustained by the plantiff
    in slipping on a green pepper in the defendant's supermarket, there was
    no error in the judge's instructions to the jury, which the plaintiff claimed
    improperly focused exclusively on the question whether the defendant
    reasonably should have discovered and removed the pepper before the
    plaintiff fell, without permitting the jury to find the defendant negligent
    for the way in which it displayed and marketed its produce, where,
    although there was evidence that produce was stacked at an unspecified
    angle in a self-service area of the store, and that as a result of customer
    and employee activity produce fell to the floor, there was no evidence
    of the defendant's failure to comply with industry practices, of inadequate
    monitoring, or of sloppy or precarious stacking of items. [207-208]

CIVIL ACTION commenced in the Superior Court Department
on January 4, 1983.

The case was tried before *Domenic J. F. Russo,* J., sitting
under statutory authority.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*John P. McGloin* for the plaintiff.

*Francis E. Sullivan* for the defendant.

O'CONNOR, J. In this tort action, the plaintiff alleges that,
due to the defendant's negligence, he sustained personal in-
juries from slipping on a green pepper in the defendant's super-
market. By a special verdict, the jury found that the defendant
had not been negligent. Accordingly, judgment entered for the
defendant. On appeal to the Appeals Court, the plaintiff claimed
that the judge's instructions to the jury were erroneous because
they focused exclusively on the question whether the defendant

reasonably should have discovered and removed the pepper before the plaintiff fell. The plaintiff claimed that, as a result, the judge's instructions erroneously "did not permit the jury to find the defendant negligent for the way in which it displayed and marketed its produce." The Appeals Court affirmed the judgment, *Gilhooley* v. *Star Mkt. Co.*, 21 Mass. App. Ct. 1110 (1986), and this court allowed the plaintiff's application for further appellate review. We, too, affirm the judgment for the defendant. The jury instructions were not erroneous.

We set forth the relevant portions of the jury instructions: "Under our law, the owner, occupant or lessee of premises is under a duty to exercise ordinary care in the management of such premises in order to avoid exposing persons who come thereon, to an unreasonable risk of harm. . . . Negligence is the failure to observe due care, to take due care that someone is not placed in a condition of unreasonable risk of harm. So that for definition, I will tell you that the law says that negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances, and negligence may consist of either doing something that a reasonably careful person would not do, or omitting to do something that a reasonably careful person would do. . . . Let me say to you this, that the mere unexplained presence of a foreign substance on the premises, and an accident occurring, does not, without more in and of itself establish negligence. If a substance is upon the floor of the defendant's premises, it is up to you to determine whether or not the defendant knew or should have known as to its presence. If he knew, the question is, did he make or did they make or take reasonable precaution to eliminate it. So if he could reasonably foresee its presence, did he take the necessary precautions, or did they take the necessary precautions to eliminate such an event."

At the conclusion of the instructions, the plaintiff objected to the failure of the judge to give certain instructions that the plaintiff had requested. The pertinent portions of the requested instructions are as follows: "You may find that the defendant was negligent for either or both of two grounds: (1) You may

find that the defendant was negligent, if you find that the particular piece of produce on which the plaintiff slipped . . . had been on the floor of the defendant's store long enough before the plaintiff slipped on it for the defendant's employees, in the exercise of ordinary care and vigilance, to have noticed it and removed it . . . (2) You may find that the defendant is negligent if you find that the presence of produce on the floor of the defendant's produce department was a usual, ordinary and foreseeable result of the way in which the defendant conducted its produce business. *Nelson* v. *Economy Grocery Stores Corp.*, 305 Mass. 383, 387 (1940) . . . . The second ground does not depend on notice; it does not require that the defendant noticed or should have noticed the green pepper. If you find that the defendant's method of operating its produce department was such that it could be expected that produce would find its way to the floor, or was such that produce finding its way to the floor was an ordinary occurrence, then you may find the defendant negligent, even if it had no notice, actual or constructive, of the particular item on which the plaintiff slipped. *Nelson* v. *Economy Grocery Stores Corp.*, 305 Mass. 383, 387 (1940) . . . ."

The requested instructions would have permitted the jury to find the defendant negligent on the basis of foreseeability of risk without the jury's addressing the question whether, despite foreseeable risk, the defendant's conduct met the standard set by an ordinarily prudent person in the same or similar circumstances. The plaintiff was not entitled to such instructions for two reasons: (1) To establish liability for negligence, the critical question is whether the defendant has failed to act as a reasonably prudent person would have acted in all the circumstances, "including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk." *Mounsey* v. *Ellard*, 363 Mass. 693, 708 (1973). See *Nelson* v. *Economy Grocery Stores Corp.*, 305 Mass. 383, 387 (1940); *Altman* v. *Aronson*, 231 Mass. 588, 591 (1919). Foreseeability of risk is but one consideration. (2) Although there was evidence of foreseeability of risk, the evidence did not warrant a finding that the pepper had been on the floor as a result of the

Gilhooley *v.* Star Market Co.

defendant's failure to display and market its produce according to the standard set by an ordinarily prudent person in the circumstances.

The evidence most favorable to the plaintiff showed that the produce section of the defendant's market was designed for self-service. The peppers were stacked on top of one another in a diagonal fashion in plastic bins on counters. The bins slanted down toward the aisle. Customers and employees sometimes dropped vegetables and fruit onto the floor, and sometimes vegetables and fruit rolled onto the floor when customers or employees touched them. Produce "constantly" had to be taken off the floor. Sweeping was a major concern of the defendant. It was not done according to any schedule, but it was done as often as necessary. It was done "every five minutes, or every minute," if necessary.

The plaintiff argues that self-service creates a risk of spillage, and that the risk may have been enhanced in this case by the peppers' being stacked in a "diagonal" display in bins tilted toward an aisle, the color of which tended to blend with the color of green peppers. We agree with the plaintiff that, in an appropriate case, the keeper of a grocery store may be liable to a customer who slips on produce that is on the floor because of the storekeeper's negligent marketing and display thereof. It is not always necessary for liability that the produce have been on the floor long enough for the storekeeper to have had a reasonable opportunity to have seen and removed it. But, here, there was no evidence of the defendant's failure to comply with industry practices, of inadequate monitoring, or of sloppy or precarious stacking of items. To establish liability, more must be shown than that produce was stacked at an unspecified angle in a self-service area of the defendant's store, and that, as a result of customer and employee activity, produce fell to the floor.

We conclude that, even if the jury instructions be construed to mean that the only theory on which the plaintiff could recover was that the pepper had been on the floor long enough for the defendant reasonably to have seen and removed it, the instructions were correct.

*Judgment affirmed.*