Doerfer, J.
The plaintiff, Nancy Timmer (“Tim-mer”), brought this action against the defendants to recover damages for injuries she sustained when she slipped and fell at the Silver City Galleria Mall (“the Mall”) in Taunton, Massachusetts.[1] The defendants have now moved for partial summary judgment on Count II (breach of the warranty of habitability) and Count V (Res Ipsa Loquitur) of the complaint.[2] For the reasons which follow, the defendants’ motion for summary judgment is allowed.
*15 DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
I.
The defendants contend that they are entitled to summary judgment onTimmer’s claim alleging breach of the warranty of habitability because this warranty does not apply to commercial leases. The court agrees.
In Boston Housing Authority v. Hemingway, 363 Mass. 184 (1973), the Supreme Judicial Court held that there is an implied warranty of habitability as to residential premises. Id. at 199. In Chause v. Cox, 405 Mass. 264 (1989), the Court expressly declined to expand the warranty of habitability to commercially leased premises. The Court stated that,
There is no such trend [to abolish the distinction between residential and commercial leases], at least in connection with claims for breaches of implied warranties causing personal injuries in commercially leased premises.[3]
Id. at 267.
Timmer relies on Great Atlantic & Pacific Tea Company, Inc. v. Yanofsky, 380 Mass. 326 (1980), for the proposition that the warranty of habitability has been extended to commercial settings. However, Yanofsky simply holds that where a commercial lessor expressly agrees to make repairs and negligently fails to do so, a lessee injured as a result may seek indemnification for his or her injuries. Id. at 331-32. Yanofsky does not address or apply the warranty of habitability in the context of a commercial setting, but rather discusses a landlord’s duty of care to its commercial tenant under ordinary negligence law. Thus, Timmer’s claim alleging breach of the warranty of habitability is not viable against the defendants.
II.
The defendants further contend that they are entitled to summary judgment on Timmer’s res ipsa loqui-tur claim. The doctrine of res ipsa loquitur “permits a trier of fact to draw an inference of negligence in the absence of a finding of a specific cause of the occurrence when an accident is of the kind that does not ordinarily happen unless the defendant was negligent in some respect and other responsible causes including conduct of the plaintiff are sufficiently eliminated by the evidence.” Enrich v. Windmere Corp., 416 Mass. 83, 88 (1993).
Even assuming that Timmer’s allegations are true and that she slipped on a foreign substance at the Mall, there is no evidence relating to the length of time the substance was on the floor. “Where, without action for which he is responsible, a dangerous condition arises, the law allows [an owner] reasonable opportunity to become informed of the danger and to take measures to remedy it.” White v. Mugar, 280 Mass. 73, 74 (1932). Further, the Supreme Judicial Court has upheld a jury instruction stating that “the mere unexplained presence of a foreign substance on the premises, and an accident occurring, does not, without more in and of itself establish negligence.” Gilhooley v. Star Market Co., Inc., 400 Mass. 205, 206 (1987).Thus, because an individual can slip and fall on a foreign substance, even in the absence of negligence, the defendants are entitled to summary judgment on Timmer’s res ipsa loquitur claim.
ORDER
For the foregoing reasons, the Defendants’ Motion for Partial Summary Judgment is ALLOWED as to count II (breach of the warranty of habitability) and count V (Res Ipsa Loquitur) of the complaint.

The plaintiff alleges that, as she was stepping off an escalator, she was caused to slip and fall due to the presence of a foreign substance on the mall’s tile floor. (Aff. of Nancy Timmer, ¶6.)

Count III (strict liability) and Count IV (reckless and wanton conduct) were dismissed voluntarily by the plaintiff when she refiled her amended complaint.

he Court further noted that ”[o]nly two State Supreme Courts have recognized such a warranty in a commercial context.” Id. at 267, n.4.