RAPHAEL J. VATALARO *vs.* WILLIAM K. S. THOMAS.

Suffolk.    November 9, 1927. — February 28, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, CARROLL, WAIT,
& SANDERSON, JJ.

*Proximate Cause.   Workmen's Compensation Act,* Release of third party
upon election by employee.   *Physician and Surgeon.   Negligence,* Of
physician and surgeon, Election of remedies by employee under work-
men's compensation act.

At the trial of an action of tort against a physician and surgeon, the plain-
tiff's counsel stated in his opening to the jury that the plaintiff suffered
a hernia which arose out of and in the course of his employment by a
subscriber under the workmen's compensation act; that the plaintiff
presented his case to the Industrial Accident Board; that the insurer
of his employer then took charge of him; that, through the negligence
of the defendant in performing an operation for the hernia, the plaintiff's
left testicle became atrophied and had to be removed; and that the
plaintiff contended that such injury was distinct from the injury
arising out of the plaintiff's employment.   An official of the Industrial
Accident Board testified that the plaintiff's hernia was caused by an
injury occurring on March 20, 1922; and that the plaintiff accepted
compensation at $16 per week from March 30, 1922, until September 21,
1923, when the insurer's liability was extinguished by an agreement,
approved by the board, by which the insurer paid the plaintiff $250.
Upon the above described opening by the plaintiff's counsel and evi-
dence, the trial judge ordered a verdict for the defendant.   *Held,* that
     (1) The defendant's lack of skill in performing the operation was an
act of negligence which, it might reasonably have been anticipated,
would follow as a natural and probable consequence of the original
injury;
     (2) Acceptance by the plaintiff from his employer's insurer of com-
pensation under the workmen's compensation act was acceptance of
compensation for the injury which was the basis of this action;
     (3) Such acceptance of compensation barred recovery from the de-
fendant.

TORT against a physician and surgeon for negligently
performing an operation upon the plaintiff for a hernia which
arose out of and in the course of the plaintiff's employment
by a subscriber under the workmen's compensation act.
Writ dated February 4, 1924.

In the Superior Court, the action was tried before *Mac-
leod,* J., who ordered a verdict for the defendant upon the

opening of the plaintiff's counsel to the jury and certain testimony of an official of the Industrial Accident Board. The plaintiff alleged exceptions. Material facts are set forth in the opinion.

The case was argued at the bar in November, 1927, before *Braley, Crosby, Carroll, Wait,* & *Sanderson,* JJ., and afterwards was submitted on briefs to all the Justices.

*R. W. Gloag,* for the plaintiff.

*R. Homans,* (*F. Adams* with him,) for the defendant.

CROSBY, J. This is an action to recover damages alleged to have been caused by an unskilful operation for hernia. At the trial the plaintiff's counsel in opening stated in substance as follows: The plaintiff was hurt and sustained a hernia in the course of his employment by one Levine. He was within the workmen's compensation act, under which he could ask, and the Industrial Accident Board could award, compensation for such injury, and he presented his case to the Industrial Accident Board. The insurer of the plaintiff's employer took the plaintiff in charge, and sent him to a hospital where he was operated on by the defendant for hernia. In performing the operation the defendant "stitched the spermatic cord too tightly" causing the left testicle to waste away and become atrophied. The opening described the plaintiff's suffering after the operation, and, in response to questioning by the judge, counsel stated that "The spermatic cord was within the area of the hernia operation; and in the course of such an operation it was necessary to cover the cord in some reasonable and proper fashion." He further said that it was the plaintiff's contention that the operation was no part of the injury which arose out of the plaintiff's employment, but was a distinct injury for which the plaintiff claimed damages.

After the plaintiff's opening, the judge suggested that "in order to enable the court to have the legal issue in the case presented for determination . . . it should have the facts in regard to the action of the Industrial Accident Board, in so far as either party thought it competent, on the issues, to be made a part of the record." Thereupon, an official of the Industrial Accident Board was called and examined

by the judge. He testified that the plaintiff received a personal injury on March 20, 1922, which arose out of and in the course of his employment; that the injury caused a hernia, for which the plaintiff on April 21, 1922, was operated upon; that on September 15, 1922, the left testicle was removed; that on December 9, 1922, the board ordered compensation continued at the rate of $16 a week, which is the amount by agreement between the insurer and the employee that has been paid him since March 30, 1922. This official further testified that between the last named date and September 21, 1923, there had been several requests for hearings and claims for review on the part of the insurer, and one on the part of the employee; that on September 21, 1923, the board approved an agreement by which the insurer's liability was extinguished by the payment of $250. No question is raised by the plaintiff that the testimony of the official of the board is not to be considered in connection with the opening and as a part of it. Upon the plaintiff's opening and the testimony elicited by the judge a verdict was directed for the defendant, and the plaintiff excepted.

It is provided by G. L. c. 152, § 15, that "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the insurer for compensation under this chapter, but not against both; and if compensation be paid under this chapter, the insurer may enforce, in the name of the employee or in its own name and for its own benefit, the liability of such other person; and in case the insurer recovers a sum greater than that paid by it to the employee, four fifths of the excess shall be paid to the employee"; and by § 23, that "If an employee of an insured person files any claim with or accepts payment from the insurer on account of personal injury, or makes any agreement, or submits to a hearing before a member of the department under section eight, such action shall constitute a release to the insured of all claims or demands at law, if any, arising from the injury."

The question is whether the plaintiff, having elected to receive compensation under the act, and having received it weekly, and thereafter having entered into an agreement under which he was paid $250 in full settlement, can maintain this action to recover damages against the defendant. It is the contention of the plaintiff that the claim against the defendant relates to an entirely different and independent cause of action and is not affected by the fact that he received compensation under the act.

In § 23 it is expressly provided that if the employee accepts payment from the insurer on account of personal injury, such action shall constitute a release to the insured of all claims or demands at law arising from such injury.

In *Burns's Case*, 218 Mass. 8, the employee received a personal injury which resulted in his death. While in the hospital he developed an extreme bedsore that came in consequence of his confinement in bed and resulted in blood poisoning. The insurer contended that the proximate cause of death was not the injury, but was due to the blood poisoning. The Industrial Accident Board found that the death of the employee resulted from the injury. In the opinion, at page 11, the following was quoted from *McDonald* v. *Snelling*, 14 Allen, 290, 296: "So long as it affirmatively appears that the mischief is attributable to the negligence as a result which might reasonably have been foreseen as probable, the legal liability continues"; and it was said by Sheldon, J.: "Nor would it have been material, if that had been found to be the fact, that the bedsore was due to the mistake or the negligence of the physicians acting honestly."

If we assume that the defendant in the case at bar, in performing the operation for hernia, stitched too tightly the spermatic cord, which was in the area of the hernia operation, it could have been found by the Industrial Accident Board that such lack of skill was an act of negligence which, it might reasonably have been anticipated, would flow as a natural and probable consequence of the original injury. It was said in *Purchase* v. *Seelye*, 231 Mass. 434, at page 437, that "The reason why a wrongdoer is held liable for the negligence of a physician whose unskilful treatment aggravates an in-

jury, is that such unskilful treatment is a result which reasonably ought to have been anticipated by him." At common law it is well settled that in an action for personal injury a party may recover for injuries resulting from the defendant's negligence even though such injuries are aggravated by the mistaken but honest treatment of a physician. *McGarrahan* v. *New York, New Haven & Hartford Railroad,* 171 Mass. 211. *Gray* v. *Boston Elevated Railway,* 215 Mass. 143. This principle is applicable to the case at bar. *Burns's Case, supra. Purchase* v. *Seelye, supra. Kos* v. *Brault,* 250 Mass. 467, 470.

In the opinion of a majority of the court the injury for which the plaintiff employee received compensation included the injury which is the basis of this action, and therefore his acceptance of compensation under the workmen's compensation act from his employer's insurer is a bar to recovery in this action. See *Gold* v. *Boston Elevated Railway,* 244 Mass. 144, 147; *Purchase* v. *Seelye, supra;* G. L. c. 152, § 23.

*Exceptions overruled.*