Argued March 18; reargued November 20; affirmed
December 16, 1930.

# McDONOUGH *v.* NATIONAL HOSPITAL ASS'N
## ET AL.
### (294 P. 351)

*Harry G. Hoy* of Portland (Edward O. Doxey on the brief) for appellant.

*Frank S. Senn* of Portland (Senn & Recken of Portland on the brief) for respondents.

RAND, J. This is an appeal by plaintiff from an order sustaining a motion for judgment on the pleadings. The action is against the National Hospital Association, hereinafter referred to as the Association, and C. G. Sabin, its physician, to recover damages for malpractice in treating plaintiff's left leg which had been fractured, and his left foot, the bones of which had been dislocated, as the result of an accident occurring to plaintiff in the course of his employment. At the time of the original injury, plaintiff was an employee of the Flora Logging Company and both he and

his employer were subject to the Workmen's Compensation Act. Prior thereto, the employer had entered into a contract with said Association by the terms of which the Association had agreed to furnish to the employees of the logging company, when injured, medical, surgical and hospital services and, pursuant thereto, small sums had been deducted from plaintiff's wages and paid to the Association. After the accident occurred, plaintiff was taken to a hospital by the Association and was treated by Doctor Sabin, whom the Association had employed for that purpose.

The complaint alleged that, in treating plaintiff, Doctor Sabin was negligent in failing to discover that the bones of the foot had been dislocated and that, without adjusting the same to their normal position, he set the leg is such manner that the foot became permanently injured and deformed to plaintiff's damage in the sum of $50,000.

The joint answer of the defendants admitted that Doctor Sabin treated plaintiff as a physician but denied negligence or lack of skill.

As a separate defense the answer alleged that the injuries resulting from the original accident, as well as those claimed to have been sustained through the negligence of the physician, had been compensated for by an award made by the State Industrial Accident Commission amounting to $1,395.20, which was the amount of compensation prescribed by the statute for all injuries suffered by plaintiff up to the time of the final award and which included all the injuries set forth in the complaint; that plaintiff's acts in making application for compensation under the Workmen's Compensation Act and in accepting the payments made amounted to an election upon his part to take under

the Workmen's Compensation Act, and that, by reason thereof, plaintiff is now barred from further prosecuting a claim for the injuries complained of in the complaint.

The plaintiff filed a reply containing a general denial of all the new matter set up in the answer but qualified such denial by admitting that he made application to the State Industrial Accident Commission "for the statutory compensation, or award, for the injuries resulting from the industrial accident suffered by plaintiff", and that, in accordance with the Workmen's Compensation Act of this state, he had been paid compensation "for the injuries suffered by him naturally and necessarily resulting from the accident suffered by him at the logging camp on the 26th day of April, 1926."

■ On the complaint, answer and reply, the learned trial court sustained a motion for judgment on the pleadings in favor of the defendants. Under Or. L., § 79, if the facts set forth in the separate defense constituted a complete defense to the cause of action alleged in the complaint and those facts were admitted by the reply, then plaintiff is barred from maintaining this action against the defendants and the action of the circuit court in sustaining the motion was proper, for it was admitted by the reply that, after the alleged added injuries had been sustained, a final award had been made by the Industrial Accident Commission and the amount thereof paid to and accepted by plaintiff. It was further admitted that plaintiff had been paid compensation for his injuries in accordance with the provisions of the Workmen's Compensation Act.

Under these admissions, the question is: Does the Workmen's Compensation Act require the Industrial Accident Commission to pay compensation to an

injured workman for additional injuries sustained by him prior to the making of the award, which are the result of the negligence of a physician in treating him for his original injury? If it does, we think that the action of the trial court in sustaining the motion was proper for it seems to be clear that, under the particular provisions of the Workmen's Compensation Act of this state, it was not intended there should be two recoveries by the injured workman for the same injury.

■ The general rule is that when a plaintiff has accepted satisfaction in full for an injury done him, from whatever source it may come, he is so far affected in equity and good conscience that the law will not permit him to recover again for the same damages: *Berkley v. Wilson,* 87 Md. 219 (39 Atl. 502); *Cleveland v. Bangor,* 87 Me. 265 (32 Atl. 892, 47 Am. St. Rep. 326); *Lovejoy v. Murray,* 3 U. S. 1. (18 L. Ed. 129).

Or. L., § 6616, as amended by L. 1925, ch. 133, provides that every workman subject to the act in the employ of an employer subject thereto, who, while so employed, sustains a personal injury by an accident arising out of and in the course of his employment is entitled to receive ''from the industrial accident fund'' the sum or sums thereinafter specified and ''the right to receive such sum or sums shall be in lieu of all claims against his employer on account of such injury or death, except as hereinafter specifically provided; provided, however, that if the injury to a workman occurring away from the plant of his employer is due to the negligence or wrong of another not in the same employ, the injured workman * * * shall elect whether to take under this act or seek a remedy against such other, such election to be in advance of any suit, and if he elects to take under this act the cause of

action against such third person shall be assigned to the state industrial accident commission for the benefit of the accident fund. If the other choice is made, the accident fund shall contribute only the deficiency, if any, between the amount of recovery against such third person actually collected and the compensation provided or estimated by this act for such case."

Subdivisions (h) and (i) of section 6626, Or. L., as amended by L. 1921, chapter 311, provides:

"Should a further accident occur to a workman already receiving a monthly payment under this section for a disability, or who has been previously the recipient of a lump sum payment under this act, his future compensation shall be adjusted according to the other provisions of this section and with regard to the combined effect of his injuries and his past receipt of money under this act.

"If aggravation, diminution or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated in any case, the commission may, upon the application of the beneficiary, or upon its own motion, readjust for future application the rate of compensation in accordance with the rules in this section provided, or, in a proper case, terminate the payments."

Or. L., § 6628, as amended by L. 1921, chapter 311, provides:

"The commission shall have authority to provide, under uniform rules and regulations, first aid to workmen who are entitled to benefits hereunder, together with transportation, medical and surgical attendance and hospital 'accommodations for injured workmen and to contract therefor in its discretion. The commission may, in its discretion, authorize employers to furnish or provide, at the expense of the commission and

upon terms fixed by it, such transportation, attendance and accommodations, and may, for the purpose of experience rating only, charge to the account of such employers the average cost of such services as shown by the experience of employers in a similar industry or occupation who do not come under the provisions of this section; provided, however, that all such transportation, attendance and accommodations shall be at all times subject to the supervision and control of the commission; * * * One purpose of this act is to restore the injured person as soon as possible and as nearly as possible to a condition of self-support and maintenance as an able-bodied workman, and final settlement shall not be made in any case until the commission is satisfied that such restoration is probably as complete as it can be made. Except as limited by this act, the commission is authorized to expend money from the accident fund to accomplish this purpose in each case and the amount so spent shall not be charged against the compensation allowed by this act to the injured workman, but an itemized statement thereof shall be rendered to him each month, when requested, and a duplicate to his employer.''

Subdivision (c) of section 6632, Or. L., as amended by L. 1925, chapter 133, provides:

''If subsequent to the last award or arrangement of compensation by the commission there has been an aggravation of the disability resulting from an accidental injury, the injured workman shall file with the commission an application for increased compensation, which application shall set forth sufficient facts to show an aggravation in such disability and the degree thereof. Any application for increased compensation for aggravation must be filed within one year from the date of the first award of compensation to the claimant. No increase or rearrangement in compensation shall be operative for any period prior to the application therefor. However, the power and jurisdiction of the commission shall be continuing, and it may, upon its own motion only, from time to time make

such modification or change with respect to former findings, orders or awards as in its opinion may be justified, but no appeal from or review of such proceedings shall be had.''

The injury complained of in the instant case is an injury alleged to have been received by plaintiff while being treated by a physician for injuries previously sustained in the course of his employment. Under the admissions made in the reply, it was an aggravation alleged to have resulted from the subsequent treatment of the original injury and which was sustained while plaintiff was the recipient of certain payments which were being paid by the Industrial Accident Commission and before the final award had been made. Having these facts in view, we will now consider the various provisions of the Workmen's Compensation Act to which reference has been made.

■■ Under Or. L., § 6616, as amended, a workman injured in the course of his employment by the negligence or fault of a third party has a choice of remedies. He may proceed either under the statute to obtain an award of compensation or against the third party at common law, but he cannot do both. He cannot recover compensation under the act and also sue the wrongdoer. Having pursued one remedy, he is barred from subsequently invoking the other, and, if he elects to take under the act, he must assign his cause of action against the third party to the commission for the benefit of the accident fund: *Holmes v. Henry Jenning & Sons,* 7 Fed. (2d) 231. See also *Matheny v. Edwards Ice Machine & Supply Co.,* 39 Fed. (2d) 70.

Or. L., § 6624, as amended by chapter 133, L. 1925, provides, among other things, that:

"If an employee who has previously incurred permanent partial disability incurs a subsequent per-

manent partial disability such that the compensation payable for the disability resulting from the combined injuries is greater than the compensation which, except for the preexisting disability would have been payable for the latter injury, the employee shall receive compensation on the basis of the combined injuries, but the charge against the rating of his employer shall be for the latter injury only."

■ Where a workman entitled to compensation under the act has sustained an injury and has filed with the Industrial Accident Commission an application for compensation, as said in *Chebot v. State Industrial Acc. Com.,* 106 Or. 660 (212 P. 792), the statute gives the commission "special jurisdiction over the particular case", and "the jurisdiction thus acquired continues as long as that workman suffers disability, the proximate cause of which reasonably may be traced to the injury for which claim for compensation was originally made and compensation awarded thereon."

■ When these various provisions of the Workmen's Compensation Act are considered together and the effect which it is obvious the legislature intended them to have is given, it seems to be very clear that the commission, during the time it has jurisdiction over the matter, is required to award compensation to an injured workman coming within the terms of the act not only for the original injury but also for any subsequent injury he may sustain due to the malpractice or negligence of the physician while being treated for the injury first sustained, and that once having received and accepted compensation for the combined injuries, he cannot maintain an action against the physician for malpractice. If an action in such case could be maintained, it would result in two recoveries for the same damage. This conclusion, we think, is sustained not only by the plain provisions of the act itself

but also by the applicable provisions of the common law and by the adjudicated cases in other jurisdictions where the statutes contain provisions somewhat similar to our own.

At common law it is well settled that in an action for a personal injury a party may recover for injuries resulting from the defendant's negligence even though such injuries are aggravated by the mistaken but honest treatment of a physician: *Hunt v. Boston Terminal Co.,* 212 Mass. 99 (98 N. E. 786, 48 L. R. A. (N. S.) 117, and note; *Vatalaro v. Thomas,* 262 Mass. 383 (160 N. E. 269); *Retelle v. Sullivan,* 191 Wis. 576 (211 N. W. 756, 50 A. L. R. 1106); *Kirby Lumber Co. v. Ellison,* (Tex.) 270 S. W. 920.

One of the reasons which the courts assign for holding the wrongdoer responsible in a common-law action for the negligence of a physician whose unskillful treatment aggravated the injury is that such unskillful treatment is a result which reasonably ought to have been anticipated by the wrongdoer. But the principal reason and the one most generally assigned is that the injury caused by the malpractice would not have occurred but for the original injury and was a proximate result thereof, which is in law regarded as one of the immediate and direct damages resulting from the primary injury.

It must be remembered, however, that under our compensation act the right of an injured workman coming within its terms to compensation is not dependent upon any negligence or wrongful act of the employer but is based wholly upon the fact of employment. This, however, affords no grounds for holding that the aggravation in compensation cases is not directly traceable to and a proximate result of the primary injury for which the injured workman was

being treated at the time the aggravation took place. When such aggravation occurred, whether the remedy sought is for compensation or for damages, there is in one case as much as in the other a causal connection between the primary injury and the aggravation. There are numerous authorities which hold that under compensation acts when the primary injury suffered by the workman is thereafter aggravated or increased by the negligence, mistake or lack of skill of a physician or surgeon, if reasonable care has been exercised by the injured party in selecting his services, the combined injury is compensable under the Workmen's Compensation Act: *Ross v. Erickson Const. Co.,* 89 Wash. 634 (155 P. 153, L. R. A. 1916F 319); *Booth & Flinn v. Cook,* 79 Okla. 280 (193 P. 36); *Brown v. Sinclair Ref. Co.,* 86 Okla. 143 (206 P. 1042); *Kirby v. Ellison* (Tex.) 270 S. W. 920; *Hooyman v. Reeve,* 168 Wis. 420 (170 N. W. 282); *Spelman v. Pirie,* 233 Ill. App. 6; *Vatalaro v. Thomas,* 262 Mass. 383 (160 N. E. 269); *Gregutis v. Waclark Wire Works,* 86 N. J. L. 610 (92 Atl. 354); *Allard v. Browne,* 2 Cal. I. A. C. 489; *Johnson v. Pacific Surety Co.,* 1 Cal. I. A. C., Part 2, 560. See also 2 Schneider, Workmen's Compensation Law, § 495, p. 1251, where the author says:

"Where the chain of causation is not broken by a *novus actus interveniens,* it is not material that the immediate cause of injury or death is due to the mistake or negligence of attending physicians, where they act honestly."

See also *Hunt v. Boston Terminal Co.,* supra, which is not a compensation case.

The reason assigned by the courts for holding in compensation cases that an added injury resulting from the negligence of a physician who treated the injured workman for his original injury is compensa-

ble under the Workmen's Compensation Act is that the liability of physicians to make mistakes is an incident of the original hurt, and that where mistakes have occurred, the injured party having used ordinary care, the added injury ensuing from such mistakes is properly regarded as part of the immediate and direct damage resulting from the original hurt.

We are not unmindful that there are cases in some jurisdictions holding that an aggravation due to the unskillful treatment of a physician is not compensable under the particular compensation act in force in such jurisdictions, and, not being compensable, that such aggravation is a new, separate and independent injury for which an action against the physician will lie. An examination of such acts will show that a marked difference exists between such acts and the provisions of our own act. It is clear from a reading of our own statute that an aggravation of the primary injury resulting from the mistake, negligence for malpractice of a physician in treating the original injury is compensable under the act, and that the act intends that there shall be but one satisfaction for the added injury in cases where the injured workman has received full compensation for the combined injury.

■ The assumption that the physician was negligent in treating plaintiff is based upon the condition of the pleadings under the rule stated in *Miller v. Houston*, 27 Colo. App. 89 (146 P. 786), that:

"When a party moves for judgment on the pleadings, he not only, for the purpose of his motion, admits the allegation of his adversary, but also the untruth of all his own allegations that have been denied by his adversary: *Idaho Placer M. Co. v. Green*, 14 Idaho 294 (94 P. 161)."

For cases holding to the same effect see *Bernert v. Multnomah Lbr. & Box Co.,* 119 Or. 44 (247 P. 155, 248 P. 156); *Smith v. Aplanalp,* 126 Or. 213 (267 P. 1070).

For the reasons stated, the judgment must be affirmed.

BELT, BROWN and KELLY, JJ., concur.

ROSSMAN, J., specially concurring.

I cannot subscribe to the foregoing decision in full. I am of the opinion that if the plaintiff had not accepted from the Industrial Accident Commission compensation for both his original injury and also for the effects of the alleged malpractice he could have maintained his action. However, he has not denied the allegations of the answer which aver that he applied for and received from the commission compensation for both injuries; the conclusions of law contained in the reply do not deny. I am, therefore, of the opinion that he elected to treat the alleged acts of the defendants as an aggravation of the original injury, and that since he has accepted compensation for the aggravated injury he cannot maintain this action.

COSHOW, C. J., and BEAN, J., concur.