No. 12,814.

HENNIG *v.* CRESTED BUTTE ANTHRACITE MINING COMPANY.
(21 P. [2d] 1115)

Decided May 1, 1933.

Mr. W. PENN COLLINS, Mr. GUY D. DUNCAN, for plaintiff in error.

Messrs. BRANDENBURG & BRANDENBURG, Mr. FRANK C. WEST, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

HENNIG sued the Crested Butte Anthracite Mining Company for damages for personal injuries alleged to have been sustained by him through the malpractice of a physician employed by the defendant.

An answer was filed setting forth three affirmative defenses: (1) That the physician was an independent contractor; (2) that both parties were subject to the Workmen's Compensation Act and that the plaintiff filed with the Industrial Commission his claim for compensation thereunder for said injuries and for all disability "arising therefrom or connected therewith," that compensation had been approved therefor in "full satisfaction and discharge of any and all liability of the defendant upon the cause of action attempted to be set up in the complaint"; (3) that under the award of the Industrial Commission, all right, title and interest of the plaintiff in and to the cause of action attempted to be set out in the complaint was assigned to the Employers' Mutual Insurance Company, the insurance carrier of the defendant, which

is still the owner thereof and the only party authorized to maintain an action thereon.

A general demurrer to the answer was interposed by plaintiff, overruled, and the plaintiff allowed five days to elect whether to reply. Default of plaintiff was entered on February 1, 1930. Twenty-six days after the expiration of the time allowed by the court, and twenty-four days after his default had been entered, without any application to set it aside, plaintiff filed a reply which was stricken by the court upon defendant's motion, and judgment for costs rendered for the defendant. A few days less than a year thereafter and on March 24, 1931, a transcript of the record was filed in this court.

■ If one or more of the three defenses above set forth is sufficient, the judgment was right. In our opinion the defense of full satisfaction and complete discharge is unassailable and determinative of the correctness of the lower court's decision.

■ Plaintiff contends that only an accidental injury is compensable under the Workmen's Compensation Act and that he may maintain an action to recover for a "non-accidental disability" or, in other words, that injuries sustained through the malpractice of a physician give rise to an independent action. The authorities are against this contention. *Ross v. Erickson Construction Co.*, 89 Wash. 634, 155 Pac. 153; *Booth & Flinn, Ltd. v. Cook*, 79 Okla. 280, 193 Pac. 36; *Brown v. Sinclair Refining Co.*, 86 Okla. 143, 206 Pac. 1042; *Allen v. Elk City Cotton Oil Co.*, 125 Okla. 142, 256 Pac. 898; *Aetna Life Ins. Co. v. Watts*, 148 Okla. 28, 296 Pac. 977; *Oleszek v. Ford Motor Co.*, 217 Mich. 318, 186 N. W. 719; *Spelman v. Pirie*, 233 Ill. App. 6; *Vatalaro v. Thomas*, 262 Mass. 383, 160 N. E. 269; *Gunnison Sugar Co. v. Industrial Com.*, 73 Utah, 535, 275 Pac. 777; *McDonough v. National Hosp. Ass'n*, 134 Ore. 451, 294 Pac. 351.

Judgment affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BUTLER concur.