SAMUEL TURNER *vs.* CHARLES E. GUILIANO
(and two companion cases[1]).

Suffolk.    April 8, 1966. — May 3, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Workmen's Compensation Act,* Action against third person, Action for
malpractice. *Release. Election.*

An employee who in 1961 sustained an injury compensable under the
Workmen's Compensation Act, G. L. c. 152, for which he was treated by
doctors in a hospital was entitled to proceed at law under § 15, as
amended through St. 1943, c. 432, against the doctors and the hospital
for malpractice in such treatment where he received compensation under
the act beginning within six months after the injury and inclusive of
compensation for any such malpractice, and the insurer did not proceed
at law against the doctors or the hospital within nine months after the
injury.

THREE ACTIONS OF TORT.    Writs in the Superior Court
dated April 2, 1962, and April 9, 1962.

There was a report by *Forte, J.*

*Philander S. Ratzkoff* for Myron R. Rosenthal.

*John H. Fletcher Calver* for Charles E. Guiliano.

*Frank P. Hurley* for Roslindale General Hospital, Inc.

*Albert P. Zabin* (*S. Myron Klarfeld* with him) for the
plaintiff.

WHITTEMORE, J.    These are three actions for malprac-
tice in the Superior Court in Suffolk County, brought here
by a report by the presiding judge as to the correctness of
a pre-trial ruling.    The judge ruled that the defendants
showed no defence in the following agreed facts: For the
injuries for which the plaintiff was treated by the defend-
ants, the plaintiff had proceeded against the insurer of his
employer under G. L. c. 152 and was being paid workmen's
compensation in amounts inclusive of compensation for the
alleged malpractice injuries.

[1] The companion cases are by the same plaintiff against Myron R. Rosenthal
and Roslindale General Hospital, Inc.

The plaintiff was injured on April 19, 1961; the injuries arose out of and in the course of his employment; following the injury he was taken to the defendant Roslindale General Hospital and was there treated by the defendants Guiliano and Rosenthal in an attempt to treat and cure the industrial injury; compensation under G. L. c. 152 began within six months after the date of the injury; the insurer did not institute legal action. Each declaration alleged treatment by the defendant beginning on or about April 20, 1961, and for approximately a week thereafter. Two of the writs were dated April 2, 1962, and the third was dated April 9, 1962.

General Laws c. 152, § 15, as amended through St. 1943, c. 432, provides in part: "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the insurer for compensation under this chapter, but, except as hereinafter provided, not against both. If compensation be paid under this chapter, the insurer may enforce, in the name of the employee or in its own name and for its own benefit, the liability of such other person, and if, in any case where the employee has claimed or received compensation within six months of the injury, the insurer does not proceed to enforce such liability within a period of nine months after said injury, the employee may so proceed. In either event the sum recovered shall be for the benefit of the insurer unless such sum is greater than that paid by it to the employee. If the insurer brings the action four fifths of the excess shall be paid to the employee, and if the employee brings the action he shall retain the entire excess."[2]

Section 23 provides that the filing of claim for or accepting compensation on account of personal injury under the chapter "shall constitute a release to the insured or self-

---

[2] Statute 1965, c. 487, §§ 1A and 2, applying to injuries occurring after its effective date (ninety days after May 22, 1965), extends the six months period to one year and the nine months period to fifteen months.

insurer of all claims or demands at law, if any, arising from the injury."

Prior to 1939, § 15 was so worded that the employee who claimed compensation had no right of recovery against third persons but did, as now, have the right to four fifths of the excess of the insurer's recovery. G. L. (Ter. Ed.) c. 152, § 15.

The defendants ask that the 1939 amendment (St. 1939, c. 401) be construed to give the employee only the right to proceed against a tortfeasor whose negligence caused the original injury. We see no basis for such construction. In *Jordan* v. *Orcutt,* 279 Mass. 413 (decided in 1932), this court held that the insurer, having the express right under § 15 to "enforce . . . the liability" of a negligent third person could recover from a negligent physician whose carelessness may have aggravated the original compensable injury. The 1939 amendment, read in the light of that case, in terms gave the employee the same right.

The defendants, relying on *Vatalaro* v. *Thomas,* 262 Mass. 383, 386, assert that the statutory release of the employer by c. 152, § 23, also released the subsequent tortfeasors. That this is not now the rule is established by *Selby* v. *Kuhns,* 345 Mass. 600, 607–608. That case recognizes that by agreement or in fact an amount paid in satisfaction of the liability for the first tort may be full compensation for the entire injury and that the plaintiff should not be unjustly enriched. No such issue arises here. There may, of course, be little basis for concluding that the plaintiff, in the limited payments under c. 152, will have received full satisfaction for the physical injuries, the pain and suffering, and the other items of damage recoverable in a malpractice action. But that is immaterial in any case, for to the extent that the tort recovery does not exceed the payments by the insurer, the latter will have the recovery. No unjust enrichment can occur. Nor can it be suggested that the employee, in making a compensation claim under a statute that expressly reserved his rights against third persons, intended to release such rights.

There is nothing in the observation that there would be

difficulty in apportioning the compensation payments between the original and the augmenting injuries. No such apportionment is required. Recovery against those liable in tort is unaffected by the workmen's compensation payments.

Equally without substance is the suggestion that the employee's rights depend upon an election and that he could not make a conscious election in respect of a malpractice action if, when he first applied for compensation, the malpractice had not occurred. For purposes of c. 152 the original injury and all foreseeable consequences are compensable. *Vatalaro* v. *Thomas,* 262 Mass. 383. *Selby* v. *Kuhns,* 345 Mass. 600, 602–603. Upon claiming compensation the employee elects to have only the rights given by c. 152 for all the compensable consequences of the injury. Whenever the malpractice occurs, the employee who has elected compensation is confined to his rights under c. 152. He has the compensation payments and the additional statutory right to pursue third persons if the insurer does not do so.

The employee's statutory right is not to be defeated because there may be a question in some cases, where the malpractice occurred a considerable time after the first injury, as to when the time period for insurer action begins to run. That issue, on the agreed facts and the dates of the writs in these cases, is of no concern to these defendants.

We discern no anomaly such as the defendants urge in construing the statute as it is written. The real anomaly would be to give to, or withhold from, the employee the substantial benefit of a recovery against a negligent third party dependent upon the uncontrolled decision of the insurer whether to undertake the tort action.

The rulings below were right. In Turner *v.* Rosenthal, No. 569969, the order striking from the answer the paragraph setting out the claimed defence is affirmed. In Turner *v.* Guiliano, No. 569561, and Turner *v.* Roslindale General Hospital, No. 571705, the orders denying the motions to add the defence to the answers are affirmed.

*So ordered.*