Argued July 13, reversed and remanded October 4, 1967

FERRANTE, *Appellant, v.* AUGUST,
*Respondent.*

432 P. 2d 167

*Philip A. Levin,* Portland, argued the cause for appellant. On the brief were Pozzi, Levin & Wilson and Tyler E. Marshall.

*Frederic P. Roehr,* Portland, argued the cause for respondent. On the brief were Vergeer, Samuels, Cavanaugh & Roehr.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, HOLMAN and LUSK, Justices.

LUSK, J.

Plaintiff was injured when an automobile in which she was riding sustained a collision with another car. She brought this action for damages against the defendant, the driver of the other car. The jury returned a verdict for the plaintiff in the sum of $205.20. From the consequent judgment plaintiff has appealed, assigning errors which she contends require reversal because they prejudicially affected the jury's consideration of her damages.

Plaintiff alleged in her complaint that as a proximate result of the negligence of the defendant plaintiff "suffered a tearing, twisting and wrenching of the muscles, tendons, and ligaments of the low back, and a lumbosacral strain, from all of which this plain-

tiff has been rendered sick, sore, nervous and distressed * * *."

The accident occurred on December 11, 1964. Plaintiff consulted a physician, Dr. Richard Hopkins, who diagnosed her injury as an acute lumbosacral strain. He prescribed certain exercises and other treatment for her and by the early months of 1966 her condition was considerably improved. About May 26, 1966, however, she felt a very sharp pain in her back as she was getting out of her chair. According to her testimony the chair did not move or slip—she simply felt pain in her back when she was "about half-way out of" her chair.

Plaintiff reported the incident to Dr. Hopkins. He had last seen her on May 1, 1966, and testified that she had improved considerably though she still manifested symptoms. Regarding her condition later Dr. Hopkins testified:

"* * * In my office on May 27, she indicated she had had an acute onset of pain in the low back which occurred when she arose from a chair, that this was a sudden snap in the back and she had had pain in the low back ever since this time, and at this time she again demonstrated limited motion of forward bending, splinting of the spine, limited hyperextension. She was again placed on therapy as of May 31, 1966, to include injections to the low back area, the use of a muscle relaxant and pain medication."

It was Dr. Hopkins opinion that "the cause of her acute strain was related to her accident of December 11, 1964." Again, he testified:

"What occurred on May 31 [sic], 1966, she got up from a chair and got a strain again. The only compatability between the December injury and this

one is because the patient has been disabled and because she has had continued symptoms she is more vulnerable to a strain, but I would say you would have to say she had a re-attack or a re-strain on May 31 [sic] that produced this rather acute episode at this time."

Responding to questions by counsel for defendant in aid of an objection, the witness testified:

"Q  (By Mr. Vergeer)  Doctor, was the strain she suffered in 1966 caused by the accident in 1964?

"A  No, the strain wasn't caused by the accident, but the patient was disabled still from her previous accident and would be more likely to get herself into a pain problem with this causative factor.

"Q  As a matter of fact, this was an entirely new cause, wasn't it?

"A  Not wholly, no. I didn't mean to imply that. This patient was not completely well."

Finally, in answer to further questions by counsel for the plaintiff relating to the causal connection between the May twenty-sixth strain and the original accident, the witness testified:

"Yes.  This minor incident that occurred recently occurred because this patient has had a strain and a chronic difficulty throughout these many months preceding. She was not completely well and had not built up enough musculature guarding by therapy and therefore this strain is attributable to the original accident to the fact that she had not completely recovered. This will _____"

Counsel for defendant thereupon moved the court to strike the testimony and instruct the jury to dis-

regard it and the court allowed the motion. The ruling is assigned as error.

The trial court stated as matter of law that the May twenty-sixth incident was an "independent factor," which, not having been pleaded, could not be proved. We do not agree.

■ In an action to recover damages for personal injuries the tortfeasor is liable for all the natural, direct and proximate consequences of his wrongful act or omission: *Gilman v. Burlingham,* 188 Or 418, 423, 216 P2d 252; 22 Am Jur 2d 116, Damages § 81. In the *Gilman* case plaintiff pleaded that she had sustained injuries to her back, neck and spine, an abrasion over her right eye and a contusion on the right side of her head. On the trial evidence was admitted of a swelling of her body caused by novocaine injections given by a physician in the course of his treatment of her injuries. We held that the evidence was properly admitted, although the complaint contained no allegations as to the swelling of the body.

In *McDonough v. National Hospital Ass'n,* 134 Or 451, 460, 294 P 351 (cited in the *Gilman* case) we gave our approval to the line of cases which hold that an injured person may recover from a tortfeasor damages for the aggravation of his injuries caused by the negligence, mistake or lack of skill of his physician.[1]

---

[1] "One of the reasons which the courts assign for holding the wrongdoer responsible in a common-law action for the negligence of a physician whose unskillful treatment aggravated the injury is that such unskillful treatment is a result which reasonably ought to have been anticipated by the wrongdoer. But the principal reason and the one most generally assigned is that the injury caused by the malpractice would not have occurred but for the original injury and was a proximate result thereof, which is in law regarded as one of the immediate and direct damages resulting from the primary injury." McDonough v. National Hospital Ass'n, supra, 134 Or at 460.

Numerous cases hold that where the injured person meets with a subsequent accident which would not have occurred but for the original injury the defendant may be held liable for the enhancement of plaintiff's damages caused by the subsequent accident. A typical case is *Hartnett v. Tripp,* 231 Mass 382, 121 NE 17. There the plaintiff suffered a broken leg and after about nine weeks in bed in a hospital he was able to get up by the use of crutches and sit in a wheelchair. On one occasion in getting out of the chair one of his crutches slipped and he fell back into the chair breaking his leg at the place of the original fracture. The court held that evidence of the subsequent injury was properly admitted, and said:

"While a wrongdoer cannot be charged with liability for the result of a separate, independent and intervening act for which he is in no way responsible, he is liable for the direct and proximate result of the first injury. The second injury, caused by the slipping of the plaintiff's crutch, could have been found to have had a causal relation to the original injury for which the defendant would be liable. It does not appear that the plaintiff acted carelessly or improperly; he had so far recovered from his first injury that he was permitted to use crutches, although still being treated at the hospital. In attempting to get out of the chair with the aid of his crutches, he was performing a natural and necessary act, which it could not be ruled was negligent or so distinct from his original injury as to be a separate and independent act. The presiding judge clearly and accurately instructed the jury that the plaintiff could not recover for the second fracture as an element of damages unless they were satisfied that it was a natural and proximate result of the original injury. (Citations omitted.)" 231 Mass at 385.

Similar cases are cited in the Annotations, 20 ALR 524, 9 ALR 255. Cf. *Baker v. State Industrial Acc. Com.,* 128 Or 369, 274 P 905.

■ Upon the pleading question we think the applicable rule is correctly stated in 22 Am Jur 2d 374, Damages § 278, as follows:

"If the defendant is informed by the pleading generally as to the effects produced by the wrong, he is bound to anticipate evidence as to the extent of the plaintiff's injuries, the origin or aggravation of which can be reasonably traced to such wrong."

See, also, *Denver & R. G. R. Co. v. Roller,* 100 Fed 738, 758 (CCA 9), 49 LRA 77; *Myers v. Hagert Construction Co.,* 74 ND 435, 441, 23 NW2d 29; *York Transport Co. v. Moreland* (Tex Civ App), 224 SW2d 899.

■ We are not advised as to the fashion in which the case was submitted to the jury by the judge, as the instructions have not been brought to this court. We think, however, that the jury could have found under proper instructions and upon consideration of the stricken evidence that but for the original injury the back strain of May 26, 1966, would not have occurred and that the latter injury was the natural and probable consequence of the former. Dr. Hopkins' testimony, when read in its entirety, supports this conclusion.

Defendant argues that the ruling was not prejudicial because all the facts of plaintiff's injury and re-injury were allowed to go to the jury together with the evidence of her weakened condition and her susceptibility to re-injury. This is true. But the evidence of causal connection between the original injury and the re-injury was withheld from the jury

and, in addition, the court ruled, in effect, in the presence of the jury that evidence of the doctor's charge for medical services rendered plaintiff after May twenty-sixth was inadmissible. In this state of the record we cannot say with any assurance that the jury's verdict for $205.20—the exact amount of special damages proved—was not influenced to the detriment of the plaintiff by the ruling in question. We are, therefore, constrained to hold the error ground for reversal.

■ Another assignment of error is directed to the court's sustaining an objection to a question asked on recross-examination by counsel for plaintiff of a doctor who testified as an expert witness for the defendant. The question would have injected into the case an issue of whether the plaintiff had a herniated disk. This was a collateral inquiry and we think that the court did not abuse its discretion to control cross-examination, since the tendency of the questioning would have been to divert the attention of the jury from the real issues and, perhaps, to bring prejudicial matter into the case.

The final assignment of error, which relates to the validity of the verdict, does not call for disposition, as it is unlikely that a similar verdict will be again returned.

The judgment is reversed and the cause remanded for a new trial.