Argued and submitted June 23, 1986, reversed and remanded February 25, reconsideration denied April 10, petition for review allowed May 5, 1987 (303 Or 370)

MARTIN,
*Appellant,*

*v.*

BOHRER,
*Respondent.*

(82-1602; CA A36075)

733 P2d 68

Ronald L. Bohy, Salem, argued the cause for appellant. On the briefs was Rolf Olson, Salem.

Larry A. Brisbee, Hillsboro, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

Newman, J., specially concurring.

## RICHARDSON, P. J.

Plaintiff brought this action for personal injuries arising out of an automobile accident. He recovered damages for spinal and other injuries which were the immediate result of the accident. However, the trial court struck his allegation:

> "On or about March 15, 1983, during an independent medical examination arranged by the Defendant, the Plaintiff sustained injury to his right knee as the result of a test performed on the knee by the examining physician. Medical care and treatment to said knee were required as a result of the aforementioned injury."

The examination was conducted approximately two years after the accident, pursuant to a discovery demand by defendant. *See* ORCP 36; ORCP 44. The parties agree that plaintiff's knee was not injured in the accident itself, and they do not suggest how the injury occurred or why the knee became an object of the doctor's attention. The apparent basis for the trial court's ruling is that, as a matter of law, the knee injury was not sufficiently related to the original accident for defendant to be responsible for it.[1]

Plaintiff appeals. His first assignment challenges a number of rulings by the trial court, and the precise points he seeks to make are elusive. As best we understand, however, there are three elements in the argument: the allegation was sufficient to state a basis for relief; an original tortfeasor may be held liable for *all* injuries which the victim suffers in the course of medical procedures undergone as a result of the original tort, rather than just those which arise out of the treatment of injuries caused by the tort; and, because the examination here was compelled by defendant and performed by a doctor of his selection, he is liable for the injury plaintiff sustained during the examination, whether or not it would otherwise be chargeable to defendant under the general rule pertaining to an original tortfeasor's liability for subsequent

---

[1] Defendant suggests that plaintiff may not complain about the court's ruling, because he made no offer of proof regarding the relationship of the knee injury to the other events. Given the procedural posture of the case, defendant is incorrect. The trial judge struck the allegation after trial had begun, surmising from the evidence that the "knee had [not] been damaged in the accident itself." Because the knee injury had been mentioned to the jury, the court declared a mistrial. The judgment appealed from was entered after the second trial. The combined effect of the rulings was that, for purposes of the second trial, the striking of the allegation was a pretrial order on a pleading, and plaintiff was not required to do anything further to preserve error.

injuries in resulting medical procedures. Defendant responds that that rule applies only to an aggravation of the original injury caused by a physician's therapeutic or diagnostic efforts directed at that injury. Defendant argues further that the physician here was an independent contractor and that the fact that the examination was conducted at defendant's request does not enlarge his potential liability beyond its scope under the general rule.

Although the ultimate question is whether the stricken paragraph of the complaint states a basis for relief, we cannot answer that without first deciding generally when relief is available from the original tortfeasor for an injury sustained in subsequent medical procedures. Both parties rely on *Woosley v. Dunning*, 268 Or 233, 520 P2d 340 (1974), where the court reiterated the rule

> "that one who negligently injures another person is liable for damages not only for the original injury, but also for all additional injury caused by a physician's treatment, even if negligent, so long as the treatment was provided in good faith effort to diagnose, cure or alleviate the original injury." 268 Or at 251.

Defendant argues that, as relevant to this case, the issue in *Woosley* was whether there was sufficient evidence to support a finding that the diagnostic procedures which injured the plaintiff's decedent were necessitated by "symptoms [which] arose from [the] injury suffered in the accident," as distinct from symptoms which were not the direct product of the accident. This case is distinguishable, according to defendant, because

> "plaintiff does not claim to have sustained any aggravation of his injuries suffered in the accident, but rather, to have sustained a new and entirely different injury, and to a completely different area of the body from that alleged to have been injured in the parties' traffic accident. Plaintiff's allegations as presented by Paragraph VI of his Amended Complaint fail to allege an adequate causal relationship between defendant's conduct and the injury to plaintiff's right knee, beyond a simple 'but-for' test, which here is no more sufficient, by itself, to support a finding of liability, than had the plaintiff been run over by a bus on his way to the courthouse to file his Complaint."

Plaintiff argues that defendant reads *Woosley* too

narrowly and that, if read correctly, the Supreme Court's decision is virtually controlling in plaintiff's favor. We do not agree with plaintiff's understanding of *Woosley*. The question raised by plaintiff's argument is whether we should *extend* the principle applied in *Woosley* to an injury which is caused by activities of a physician which are not directed at the diagnosis, treatment or evaluation of the injury caused by the original tortfeasor, when the plaintiff has consulted the physician to diagnose, treat or evaluate that original injury.

There is some question as to whether *this* court may extend the principle. In *Woosley,* the Supreme Court conditioned its statement of the rule with the phrase "so long as treatment was provided in good faith effort to diagnose, cure or alleviate the *original injury.*" 268 Or at 251. (Emphasis supplied.) Similarly, in *McDonough v. National Hosp. Ass'n,* 134 Or 451, 460, 294 P 351 (1930), the court described the rule as embracing "injuries resulting from the defendant's negligence even though *such injuries are aggravated* by the mistaken but honest treatment of a physician." (Emphasis supplied.) Prosser and Keeton, *Torts* 309 (5th ed 1984), suggest that the rule does not apply when there is a "misperformance of an entirely independent and unrelated operation." However, facts of the kind here were not before the court in *Woosley* or *McDonough,* and we do not read the statement of the principle in those cases as having necessarily been intended to include or exclude these facts.

Various rationales have been offered for the rule that the original tortfeasor is liable for injuries suffered during ensuing medical procedures. In *McDonough v. National Hosp. Ass'n, supra,* the court said:

"One of the reasons which the courts assign for holding the wrongdoer responsible in a common-law action for the negligence of a physician whose unskillful treatment aggravated the injury is that such unskillful treatment is a result which reasonably ought to have been anticipated by the wrongdoer. But the principal reason and the one most generally assigned is that the injury caused by the malpractice would not have occurred but for the original injury and was a proximate result thereof, which is in law regarded as one of the immediate and direct damages resulting from the primary injury." 134 Or at 460. (Citations omitted.)

None of the rationales answer the question of how

directly related the subsequent harm must be to the original injury for the tortfeasor to be accountable for it. Among the fates that can befall a victim at the doctor's office are: (1) the original injury can be directly exacerbated, *e.g.*, a broken leg can be improperly set; (2) the treatment of the original injury can produce a separate injury, *e.g.*, while the victim's chin is being sutured, the needle can slip and injure his eye; and (3) injuries can occur that are unrelated to any treatment of the original injury, *e.g.*, the victim can slip on negligently installed carpeting in the waiting room. The tortfeasor's responsibility or nonresponsibility will vary along the continuum. The first of the foregoing examples would present a case of probable liability; liability in the second would be less clear, but probably clear enough; however, the relationship between the original incident and the further injury in the third example seems too tenuous and circumstantial for the first tortfeasor to be responsible.

■      If, as the parties indicate, the knee injury was not produced by diagnosis or treatment of the original injury but was the product of the professional attention of a physician consulted because of the original injury, this case falls somewhere between the second and third examples. Ultimately, whether the tortfeasor is liable under such circumstances must be decided as a matter of policy. We think that the better policy is a *per se* rule that the original tortfeasor's liability extends only to injuries that result from professional procedures directed at an injury which was caused or could have been understood by the physician to have been caused by the original injurious event.

■      It is not clear to us whether plaintiff simply assumes or actually concedes that he cannot establish liability unless we apply the rule which he espouses. Because there is no clear concession, we turn to whether striking the allegation was correct when viewed strictly as a pleading issue.[2] So viewed, we

---

[2] The concurring opinion is incorrect in suggesting that only the pleading issue needs to be resolved. The basis for the trial court's ruling was that, as a matter of law, there could be no claim for the knee injury, not that the claim was defectively pleaded. The parties' arguments on appeal are devoted to when, as a matter of law, a claim *can* be asserted against an original tortfeasor for a physician's later injury of the victim. The question cannot be answered solely as a pleading matter, because the only issue on which the adequacy of the pleading turns is one of substantive law. It is impossible to decide this appeal without reference to the legal issue, and it would be of dubious

think that the allegation is sufficient to permit plaintiff to attempt to prove that the knee injury resulted from the physician's attempts to diagnose, treat or evaluate the injuries which he sustained in the accident. Our conclusion rests in part on the possibility that the pretrial discovery examination may have had among its purposes an overall evaluation of plaintiff's condition to ascertain how much of his alleged damage was due to the injuries suffered in the accident rather than to other problems.[3] Injuries resulting from such an overall evaluation could be sufficiently connected to the original injuries to come within the rule we have stated, because an examination of another body part can be as central to that evaluation as an examination of the injured part itself. Accordingly, plaintiff is entitled to attempt to establish defendant's responsiblity for the knee injury, and the trial court erred by striking the allegation.[4]

■ We reject plaintiff's alternative argument that defendant's liability can be predicated on the theory that the discovery request, as distinct from defendant's involvement in the original injurious event, was causally related to the knee injury. Plaintiff had not pleaded any agency or other relationship between defendant and the physician to support the theory. Given that state of the pleadings, the fact that defendant requested the examination places no more responsibility on him than he would have if plaintiff had sustained his injury at a deposition.

Plaintiff's remaining assignments of error are unmeritorious.

Reversed and remanded for proceedings not inconsistent with this opinion.

**NEWMAN, J.,** specially concurring.

I concur with the result that the majority reaches but write separately to emphasize that it has said far more than it

---

service to the parties and the trial court to remand the case without giving them some indication of why the ruling was erroneous and of what legal principle is applicable on remand.

[3] Plaintiff had had problems with the knee earlier.

[4] We note that defendant does not argue that he moved or that the trial court erred by denying a motion to make the stricken allegation more definite and certain.

should have. What we have is simply a pleading issue, but much of what the majority discusses is directed toward limiting the circumstances in which a defendant may be held responsible for injuries that a personal injury plaintiff sustains as a result of a physical examination that the defendant requests. Not only is that discussion unnecessary to the resolution of this case, but the majority states a rule that is too narrow.

The majority is wrong in stating that "the fact that defendant requested the examination places no more responsibility on him than he would have if plaintiff had sustained his injury at a deposition." 84 Or App at 13. Moreover, if plaintiff can prove that he attended the examination at defendant's request and that the injury to his knee occurred because of a procedure to which the physician asked him to submit, whether or not it was part of an overall evaluation of his condition, he should be entitled to get to the jury. The allegation that the court struck was sufficient to support such proof.