# HARSIN,
*Appellant,*

*v.*

# EASTERN OREGON
# COMMUNITY MEDICAL CENTER, INC.,
dba Grande Ronde Hospital,
*Respondent.*

(29517; CA A38136)

739 P2d 1093

Jeffrey P. Foote, Portland, argued the cause for appellant. With him on the briefs were David E. Dean, and Haugh & Foote, P.C., Portland.

Douglas E. Hojem, Pendleton, argued the cause and filed the brief for respondent.

Before Joseph, Chief Judge, and Richardson and Warren, Judges.

WARREN, J.

## WARREN, J.

Plaintiff initially brought this malpractice action against defendant hospital (defendant) and her treating physician, Lumsden. She was hospitalized for an injury to her back which she had sustained while lifting at home. The alleged basis for her claim against defendant is that, when she was hospitalized at its facility for the injury, a nurse handled her negligently while assisting her to a bedside commode, causing her to suffer a herniated lumbar disc. Plaintiff alleged that that injury led to cauda equina syndrome, a condition which can be caused by the intrusion of a herniation into the spinal canal. Plaintiff's allegations against Lumsden were that he was negligent in failing to diagnose and treat the condition.[1]

Plaintiff settled with Lumsden and then amended her complaint to reiterate her allegations against defendant. At trial, defendant pursued the theories that its nurse was not negligent and did not cause the ruptured disc, that plaintiff's herniation was caused by the lifting incident at home and that the later damage resulting from the cauda equina syndrome was due to Lumsden's negligent failures to diagnose and treat and not to any fault of defendant's. The jury returned a verdict in favor of defendant, and plaintiff appeals from the resulting judgment. She assigns error to the court's instruction that she was not entitled to damages from defendant "if the sole proximate cause of injury to plaintiff was the conduct of some third party," to the denial of her "motion in limine" to exclude evidence concerning Lumsden's negligence and to the denial of her motion for mistrial based on defendant's attorney's questions on *voir dire* and statements made in opening argument.

■     There is a common theme to plaintiff's arguments in support of all of her assignments. She contends that the jury should not have been presented with evidence of, or have been permitted to consider, Lumsden's negligence in the diagnosis

---

[1] The parties do not dispute, for the purposes of this appeal, that the cauda equina syndrome rather than the disc injury was the *immediate* cause of most—if not virtually all—of plaintiff's damage. Plaintiff alleged that the syndrome and its sequelae occasioned permanent injuries and general damages of $1,250,000, which, together with approximately $55,000 in medical and other special expenses, were the total damages that she sought.

of the cauda equina syndrome. She reasons that, if defendant did not cause plaintiff's ruptured disc and the resulting syndrome, the jury should have returned a defense verdict, regardless of whether Lumsden had been negligent in failing to diagnose the condition. However, if plaintiff established that defendant's negligence did cause the rupture and the resulting syndrome, the jury should have found for plaintiff, whether or not Lumsden was negligent, because an original tortfeasor is liable for subsequent aggravating injuries which the victim sustains during treatment for the original ones. *See Woosley v. Dunning,* 268 Or 233, 520 P2d 340 (1974); *Martin v. Bohrer,* 84 Or App 7, 733 P2d 68, *rev allowed* 303 Or 370 (1987).

Defendant responds that, under its general denial, it was entitled to produce evidence that it was not negligent and to show the true source of plaintiff's injury. *See, e.g., May v. Mack et al,* 225 Or 278, 356 P2d 1060 (1960). Plaintiff answers that defendant may not rely on third-party negligence except as it relates to the cause of the underlying injury, that is, the ruptured disc, and cannot rely on evidence that Lumsden caused the later aggravations for which defendant would be responsible if its employe's negligence had been the cause of the herniated disc. *See* note 1, *supra.*

We are not convinced by plaintiff's argument. She acknowledges that a defendant in a tort case where a single event allegedly resulted in an injury may attempt to prove that another person's negligence caused that injurious event. It is equally apparent—and plaintiff does not argue otherwise—that, ordinarily, a defendant in a case where a progression of events contributes to the plaintiff's ultimate injury may prove that all of the events were caused by other persons. Plaintiff's distinction of this case from those situations is based on the proposition that defendant would have been liable for the injuries which Lumsden caused *if* the jury had found that defendant was responsible for the underlying disc injury. Her legal proposition is correct, and the jury was instructed in accordance with it.[2] However, she loses sight of

---

[2] The court instructed:

"One who negligently injures another person is liable for damages for the original injury and for any additional injuries caused by a physician's treatment of the original injury, even if that treatment was negligent, so long as the treatment was provided in good faith—in a good faith effort to diagnose, cure or alleviate the original injury."

the fact that the jury was not obliged to find that defendant or its nurse caused *anything*. Her appeal depends entirely on the assumption that the nurse's negligence caused her ruptured disc. Defendant was entitled to show that its employe did not cause anything that contributed to any of plaintiff's injuries, and it was also entitled to prove anything that did contribute.

Moreover, given the other evidence, defendant's proof regarding Lumsden's negligence was directly relevant to whether the lifting episode or the nurse's handling of plaintiff was the more likely cause of the disc rupture. There was expert testimony that the severe results that plaintiff suffered from cauda equina syndrome developed gradually and that it is probable that the herniation occurred and that symptoms of the syndrome began before the incident at the hospital was said to have occurred. The expert also described plaintiff's early symptoms and the diagnostic procedure that should have been followed when they appeared. Plaintiff pleaded and offered evidence that the syndrome was finally diagnosed three days after defendant's nurse allegedly injured her and, according to defendant's expert, four days at the latest after "there was a clear symptom of cauda equina syndrome in progression." Against that evidentiary background, the proof of Lumsden's diagnostic deficiencies was probative of whether the syndrome was present, but not diagnosed, before the occurrence of the event which plaintiff sought to show was its cause. The trial court did not err by denying the motions in limine and for a mistrial.

■       We turn to plaintiff's assignment that the court erred by instructing that the jury could give her no recovery against defendant if it found "the sole proximate cause" of her injury to be "the conduct of some third party." That assignment turns in the main on the same arguments as those which she advances to support her other assignments, but it raises other issues as well. The first of the additional arguments plaintiff makes with respect to the instruction is that, as a matter of law, the "third party negligence" defense reflected in the instruction is unavailable to defendant under these facts. Plaintiff reasons that the defense can be raised only when *all* of the harm that a plaintiff has suffered has been occasioned by a stranger to the action while, here, defendant's evidence was that some of the injury that plaintiff suffered was due to the lifting episode in which only she was involved. According

to plaintiff, under *May v. Mack et al, supra,* and similar cases, the third party negligence instruction may only be "given on the basis of the conduct of someone other than plaintiff or defendant." Plaintiff's argument overemphasizes the "third party negligence" label which she places on the instruction and underemphasizes its substance. It is self-evident, and the cases plaintiff cites do not suggest otherwise, that a defendant is not liable if any other person or combination of persons caused all of the plaintiff's injuries, whether the person or persons are or are not parties. As defendant observes, to the extent that the instruction was literally incorrect in the way that plaintiff maintains, the error was favorable to plaintiff.

Plaintiff next argues that, if the instruction was intended—as it clearly was—to relate to Lumsden's negligent diagnostic and therapeutic omissions, there was no expert evidence showing a reasonable medical probability that his negligence caused any of the injuries plaintiff suffered. We do not agree that there was inadequate evidence to support the giving of the instruction.

The real problem with the instruction is that, taking it out of context, as plaintiff does, it could be understood as inviting the jury to compare Lumsden's and defendant's involvement in producing plaintiff's overall injury as a factor in determining whether defendant should be found liable at all. However, in the context of all of the instructions, the jurors were not likely to have been misled. Immediately before giving that instruction, the court told the jury that

"[m]any factors or things may operate either independently or together to cause injury and damage. In such a case, each may be the cause of the injury and damage even though the others would have been sufficient of themselves to cause the same injury and damage.

"You need not find that the conduct of the defendant was the only cause of the injury and damage."

It also instructed that, if defendant caused the original injury, it was to be held liable "for any additional injuries caused by a physician's [negligent] treatment of the original injury." *See* note 2, *supra.* Viewed together with the other instructions, the challenged one was not erroneous and, if it was deficient, it was not likely to have misled the jury as to the law or to have

affected the outcome of the case. *Waterway Terminals v. P.S. Lord,* 256 Or 361, 370, 474 P2d 309 (1970).

Affirmed.