*Northern District*

No. 7982

## WILLIE VICTUM

*v.*

## LEWIS J. MARTIN

Argued: Feb. 1, 1973   Decided: Nov. 19, 1973

*Present:* Cowdrey, P.J., Flaschner, Bacigalupo, JJ.

Case tried to *Taylor, J.* in the Roxbury Municipal Court, No. 63544.

**Cowdrey, P.J.** This is an action of tort to recover for personal injuries sustained in a

motor vehicle accident. The court found for the plaintiff in the sum of $7,780.00.

That part of the answer deemed material for the opinion is a plea of G.L.c. 231, § 6D.

The issue presented is whether the plaintiff has sustained the burden of proof that medical expenses incurred by the plaintiff, alleged to be over $500.00 were reasonable and necessary so as to enable him to recover for pain and suffering under the exception contained in G.L.c. 231, § 6D.

Because of the uniqueness of the question involved and the lack of precedents with which to guide us, we deem it advisable to quote the report in full with respect to the evidence contained therein. The report reads as follows:

"At the trial there was evidence tending to show that Willie Victum of 4 Vine Avenue, Roxbury, Massachusetts on July 17, 1971 at approximately 9:30 p.m. while operating his motor vehicle on Massachusetts Avenue came to a stop at a traffic signal at Central Square, Cambridge; that he had been stopped at the signal for approximately thirty seconds when he was struck in the rear of his vehicle by a vehicle owned and operated by the defendant; that the plaintiff did not get out of his car immediately after the accident because he was shaken up and dazed and could not get out; that thereafter the plaintiff walked to the gas station on the corner, and about 20 or 30 min-

utes later he drove the girl he was with home and drove himself home.

There was further evidence tending to show that following the impact and as a result thereof the plaintiff's vehicle was pushed into the vehicle which had been stopped in front of his about 12 to 14 feet in front of him; that as a result of the impact the plaintiff came in contact with the steering wheel injuring his neck, his whole left side, left shoulder and left arm; that following the accident and the exchange of papers the plaintiff drove his passenger to her home and then went home himself; that his car was a total wreck and it was junked after the accident; that the headlights on the front of his car were broken, there was damage to the hood of the car and it couldn't be opened; there was damage to the left rear of his car which included the trunk being pushed in and the bumper being pushed in; that the plaintiff drove his car home after the accident with two headlights out.

There was further evidence tending to show that two days after the accident he visited Dr. Shapiro of 746 Washington Street, Dorchester, Massachusetts; that in all he made 40 visits to Dr. Shapiro, who gave him heat treatments, examinations and medications to his left side and left shoulder, the last visit occurring on November 24, 1971; that in addition he also saw Dr. Greene, who is a specialist, but the

plaintiff did not know what kind of a specialist. He visited Dr. Greene September 7, 1971 and October 6, 1971, for headaches, dizziness, and blurriness; Dr. Greene referred him to Radiological Group of Greater Boston for x-rays on September 7, 1971; Dr. Greene put him through various tests for injuries to his head, blurriness and dizziness and recommended pills, gave him nothing for his eyes, and did not help him a bit; that thereafter he was referred to Dr. Bender for treatment of his neck and was sent to Schatzki Associates for x-rays of neck and left shoulder; that he visited Dr. Bender twice, on August 16, 1971 and November 2, 1971. Bender was a specialist but the plaintiff did not know what kind. Dr. Bender recommended x-rays, examined the plaintiff, but there was no evidence that he gave him any specific treatment, when the plaintiff saw Dr. Bender he told him he could not turn his head far and could not pick up anything because his left shoulder was bothering him and it would ache.

There was also testimony that after the plaintiff had attempted to return to work on October 26, 1971, he was still experiencing difficulty with his neck, was having headaches and dizziness and blurriness; that he returned to Dr. Shapiro for treatment and also saw Dr. Bender on November 2, 1971 and that he still could not turn his head and that if he picked up something, he would get pain in his should-

er. He was also advised to do certain exercises by Dr. Bender.

There was also testimony that the heat treatments given by Dr. Shapiro and one of his assistants would last anywhere from 15 minutes to a half hour and that after he received them, the pains would lessen, then the pain would return and get worse; that the heat treatments gave temporary relief, that Dr. Bender also gave exercises to the plaintiff and medication and that this treatment helped some; that Dr. Greene examined him and recommended pills.

There was further evidence tending to show that at the time of the accident the plaintiff was earning $136.00 per week working as a garage man for Hertz Corporation; that as a result of his injuries he remained out of work until October 26, 1971, when he reported for work, but no job was available.

There was further evidence tending to show that the pain in the plaintiff's neck subsided within two weeks after his last visit to Dr. Bender on November 24, 1971.

The plaintiff introduced two affidavits pursuant to G.L.c. 233, § 79G with respect to the medical bills of Dr. Shapiro and Dr. Greene, copies of which are attached. Other than this no medical testimony, medical affidavit or evidence was introduced by plaintiff. It was agreed by both parties that medical bills were received by plaintiff in the amount of $660.00

but there was no agreement as to the reasonableness or necessity thereof.'' (End of evidence as contained in report)

The trial justice made the following findings of facts:

''I find that the defendant was negligent and that the plaintiff did not contribute in causing the accident. Counsel for the defendant agreed that the plaintiff received bills from doctors totaling $660. I find that these medical expenses were reasonable and necessary; that the pain and suffering resulting to the plaintiff made it necessary for him to receive treatment from specialists to try to alleviate his pain and suffering, necessitating many x-rays. I have found for the plaintiff in the sum of $7,780.00 and upon agreement of counsel, $2000.00 of this finding is to be returned to plaintiff's insurer who have paid him this amount under the No-fault Law.'' The trial justice also found as a fact that the following were the reasonable and necessary expenses: ''Dr. Shapiro — $400.00, Dr. Greene — $105.00, Radiology of Greater Boston — $35.00 x-ray, Dr. Bender — $75.00, Schatzki Assoc. — $45.00 x-ray''.

G.L.c. 231, § 6D is as follows:

''In any action of tort brought as a result of bodily injury, sickness or disease, arising out of the ownership, operation, maintenance or use of a motor vehicle within this common-

wealth by the defendant, a plaintiff may recover damages for pain and suffering . . . . . . . . *only if the reasonable and necessary expenses* incurred in treating such injury, sickness or disease for *necessary* medical, surgical, x-ray and dental services are determined to be in excess of five hundred dollars (and other exceptions not here material)." (Emphasis added).

The main thrust of the defendant's argument, raised by his requests for rulings, is that, as a matter of law, the trial justice did not have before him evidence of sufficient probative force to justify the conclusion that the medical treatment rendered to the defendant was necessary as required by the statute. He further contends that proof of the necessity of medical treatment must be introduced by competent medical testimony.

The defendant argues also that the submission of a portion of the medical bills under G.L.c. 233, § 79G by way of affidavit of a physician that the charges were fair and reasonable does not justify the conclusion that such services were necessary. To this contention we agree.

A review of the legislative history of the so-called "no fault" statute indicates an intention by the Legislature to distinguish between those injuries of a less severe nature wherein the

individual receives prompt and certain recovery of his out of pocket expenses, and in exchange surrenders claims for possibly minimal damages for pain and suffering, and those injuries of a more severe nature designated by the statute including situations where the necessary medical expenses are over $500.00 and recovery is permitted for pain and suffering. *Pinnick* v. *Cleary*, 1971 A.S. 1129, ___ Mass. ___.

We conclude that in the latter situation the Legislature has imposed upon a plaintiff a new substantive burden to prove that the treatment rendered to him was in fact necessary. However, we are not prepared to hold in every case that only competent medical testimony is required to prove the same. The degree of proof required is for the trier of fact to determine based upon competent evidence presented to him, the totality of the circumstances in the particular case and the rational inferences to be drawn therefrom. Expert testimony would of course be helpful in every case but where the believable evidence shows objective signs of injury, severe economic loss, or other evidence of sufficient probative force to indicate injury of a severe nature, such testimony may not necessarily be required.

We cannot subscribe to the position taken by the defendant that the necessity of medical treatment is only within the province of an expert. Given the average sophistication of lay persons with respect to medical problems, we

believe one of common knowledge and understanding, applying due diligence, may be competent to testify, in appropriate instances, as to the necessity of medical treatment.

In the matter at hand, based on the evidence reported, we hold that, as a matter of law, the plaintiff failed to sustain the burden of proof that the treatment received was necessary, there being no evidence of sufficient probative force to indicate that the injuries complained of by the plaintiff necessarily required the medical treatments to which he submitted, particularly the heat treatments costing $400.00. Without this expense the statutory minimum of $500.00 is not met.

Judgment for the plaintiff is to be vacated and judgment for the defendant is to be entered.

PHILIP T. CORWIN,

of Boston for the plaintiff

ROBERT D. POWER,

of Boston for the defendant