*Municipal Court of the City of Boston*

## No. T-29613
## GEORGE GIANNOS
### v.
## BENJAMIN PORTNOV

Argued: March 15, 1974. Decided: June 20, 1974.

Case tried to *Glynn, J.*

Present: Lewiton, C.J., Canavan, Doerfer, J.J.

For the plaintiff: George M. Belsky.

For the defendant: David W. Woods.

**Canavan, J.** This is an action of tort arising out of a collision of motor vehicles. The defendant was defaulted for failure to answer interrogatories and the matter came on for assessment of damages.

At the hearing, the plaintiff testified that on July 19, 1971 while on the Jamaicaway, Boston, Massachusetts, his vehicle was in collision with an oncoming car operated by the defendant that was travelling at a speed of 70 to 75 mph. That three more cars were involved, including a Volkswagon, in which a girl was killed. Upon impact, the plaintiff's chest hit the steering wheel, his neck snapped forward and backward and he wrenched his back. He got out of his car and helped the defendant, who was bleeding, out of the other car. The plaintiff's car was so damaged by the impact that it was inoperable. He was shaking and in pain and was taken to the Emergency Unit of the Beth Israel Hospital, Boston, Massachusetts. There, he was examined, x-rayed, given a blood test and an electrocardiagram and released with the advice to see his own doctor. On the same day, he saw Dr. Donald S. Greene, who checked his neck, back and chest and had him admitted to Longwood Hospital. He had pain in his back, chest and had headaches at

that time. He was in the hospital four days during which time he had pain in his chest, neck and back and had headaches, during which time various treatments and tests, including bood tests and electrocardiagrams, were given. Following his discharge from the hospital, he was confined to his bed and home for two weeks, except for a visit to the doctor's office and he was still complaining of pain in his head and neck.

He was a machinist, earning $175 per week and he returned to work three weeks after the accident, but couldn't bend down to pick up bearings to put them on the machine for another five or six weeks, and had to sit down most of the time.

He saw Dr. Greene daily in the hospital and four times afterward, up to September 21, 1971.

Bills of the Beth Israel Hospital in the amount of $90.00; Longwood Hospital in the amount of $473.85 and Dr. Greene in the amount of $170.00 were admitted into evidence under the provisions of G.L. c. 233, §79G. Certified copies of the records of the Beth Israel and Longwood Hospitals were admitted into evidence.

At the close of the hearing and before final arguments, the defendant made the following requests for rulings:

"1. The evidence does not warrant a finding that the plaintiff is entitled to recover damages for pain and suffering. 231 G.L. c. 231, §6D.

"2. Defendant is exempt from liability to plaintiff and for special damages to the extent of reasonable and necessary medical expenses incurred plus seventy-five percent of average weekly wages actually lost. G.L. c. 90, §34M.

"3. The evidence does not warrant a finding that plaintiff is entitled to recover special damages

in excess of twenty-five percent of his loss of earning capacity.

"4. The evidence does not warrant the amount of the finding."

and the court made the following rulings:

"1. Denied, see findings.

"2. Denied, see findings.

"3. Denied, see findings.

"4. Denied, see findings."

The court found the following facts:

"I find that the plaintiff received injuries to his chest, neck and back as a result of this accident caused solely by the negligence of the defendant. I find that the defendant was travelling at a speed of 70 - 75 mph at the time of the accident. The severity of the crash totally demolished the plaintiff's car and another driver in a third car was killed as a result of the accident. Immediately following the accident I find that the plaintiff complained of chest pains and pains in his cervical and sacro area.

"I further find that the plaintiff was examined and treated at the Beth Israel Hospital the day of the accident. Later he was examined and treated by his personal doctor who had him admitted to the Longwood Hospital, where he was treated for injuries to his anterior chest wall, cervical sprain and lumbro sacro sprain.

"I find the plaintiff was in bed at the hospital for four days, discharged, and was in bed at home for two weeks following the accident.

"I find that the Beth Israel Hospital bill was $90.00 for clinic fee, x-rays and other tests. I find these charges to be fair and reasonable. I further find that the Longwood Hospital bill for four days of treatment, board, and examination was $473.85 and that this bill is fair and reasonable. I further find that Dr. Greene

treated the plaintiff at his office on four occasions and daily while the plaintiff was in the Longwood Hospital. I find that his charge of $170 was reasonable and proper.

"I find that all these hospital bills and doctors'. bills totalling $733.81 were necessary as a result of the injuries received by the plaintiff in the accident. I find that the plaintiff was out of work for three weeks following the accident and was partially disabled five or six weeks, all of which was due to the injuries received. The plaintiff worked as a machinist and earned $170 per week."

The defendant agreed before this ivision, to waive those requests for rulings which dealt with the amount of damages assessed by the trial justice.

The defendant also agreed before this Division that the bills of the Beth Israel and Longwood Hospitals as well as the bill of Dr. Greene, were reasonable. However, the defendant denies that the medical services rendered and expenses incurred in treating the plaintiff's injuries were necessary, especially those of Dr. Greene and the Longwood Hospital.

The issued raised by the defendant, in his requests for rulings, is whether the trial justice was warranted in finding, in the absence of expert testimony, that the medical expenses incurred by the plaintiff, alleged to be over $500.00, *were necessary* so as to enable the plaintiff to recover damages for pain and suffering under the exceptions contained in G.L. c. 231, §6D.[1]

---

[1] G.L. c. 231, §6D: "In any action of tort brought as a result of bodily injury, sickness or disease, arising out of the ownership, operation, maintenance or use of a motor vehicle within this Commonwealth by the defendant, a plaintiff may recover damages for pain and suffering only if the reasonable and necessary expenses incurred in treating such injury, sickness or disease for necessary medical, surgical, x-ray and dental services are determined to be in excess of five hundred dollars" (and other exceptions not here material).

No error is shown.

■ The burden of proving that the medical treatment rendered to the plaintiff, and for which the bills were incurred, was in fact necessary, rested upon the plaintiff. *Fields v. Oberstein*, 347 Mass. 777; *Sullivan, Administratrix v. Hanacher*, 339 Mass. 190; *Callahan, Executor v. The Fleischman Co.*, 262 Mass. 437.

The question for this Division to determine, is whether upon all the evidence, together with all rational inferences which might be drawn therefrom, the finding of the trial justice may be sustained, and his decision is not to be reversed, unless as a matter of law it cannot be supported upon any reasonable view of the evidence. *Casey v. Gallagher*, 326 Mass. 746; *London Clothes, Ltd. v. Maryland Casualty Co.*, 318 Mass. 692, 697; *Hosmer, Inc. v. Commonwealth*, 302 Mass. 495-499; *Moss and others v. Old Colony Trust Co.*, 246 Mass. 139, 143.

In any case in which a plaintiff seeks to recover for medical expenses, the expenses must be for treatment which has a direct causal relationship with the injuries suffered in the particular accident. *McGarrahan v. New York, New Haven & Hartford Railroad Co.*, 171 Mass. 211; *Hunt v. Boston Terminal Co.*, 212 Mass. 99; *Whitcomb v. New York, New Haven & Hartford Railroad Co.*, 215 Mass. 440.

Here, the trial justice was warranted in finding a causal relationship between the tort of the defendant and the injuries for which the plaintiff was hospitalized and treated and for which medical expenses were incurred.

While it may be true, that the submission of the hospital and medical bills under G.L. c. 233, §79G, by way of affidavit, that the charges were fair and reasonable, does not always justify the conclusion that such services were necessary, yet, in the instant case, the trial justice had before him evidence of sufficient

probative value to warrant his finding that the medical treatment rendered to the plaintiff was necessary, as required by the statute, without the introduction of expert medical testimony.

The trial justice had in evidence, not only the testimony of the plaintiff, but also the hospital records of the Beth Israel and Longwood Hospitals. The two hospital records contained medical evidence. An examination of the evidence shows that the plaintiff was involved in a severe accident in which his motor vehicle was totally destroyed. Upon impact, the plaintiff's chest hit the steering wheel, his neck snapped forward and backward, and he wrenched his back. He was shaking and in pain. He was taken from the scene of the accident to the emergency unit of the Beth Israel Hospital, complaining of chest pain. The Beth Israel Hospital record shows that he was examined, x-rayed, given an electrocardiagram and a blood test, and released, with the recommendation that he see his own doctor. Later, on the same day, he saw his own doctor, who observed him, and listened to his complaints about chest, neck and back pains. He examined him and had him admitted to the Longwood Hospital where he remained for a period of four days. An examination of the Longwood Hospital record indicates the diagnosis of contusion of the chest, cervical sprain, post traumatic headaches, lumber sacral sprain and anxiety reactions. His body was rigid and tender and motions were limited. The lower back was tender, the lumbar spine was straightened and there was limited lumbar sacral motion by 20%. On the day of the plaintiff's admission to the Longwood Hospital there was a reference in the hospital record to a "coronary insufficiency". The record shows that

the plaintiff complained of chest pains during the four days that he was at the hospital and which had to be ruled on with further tests and examinations. The plaintiff was given several electrocardiagrams and x-rayed. He was being treated for the injuries that he suffered in the automobile accident.

The defendant relies on the case of *Victum v. Martin*, 25 LEGALITE 3, 53 Mass. App. Dec. 1, as authority in support of his contention that the evidence here did not, as a matter of law, warrant a finding that the medical treatments given to the plaintiff were necessary. In our opinion, the *Victum* case is clearly distinguishable on its facts, from the case at bar.

In the *Victum* case, other than the medical bills introduced into evidence under G.L. c. 233, §79G, there was a lack of any medical evidence. In the case at bar there were two hospital records introduced into evidence, which contained a complete history, diagnosis, tests and treatment given to the plaintiff. Also, in the *Victum* case, the total medical bills were $660.00 of which $400.00 was incurred for 40 heat treatments given to the plaintiff over a long period of time. There was further testimony from the plaintiff in that case that after he received the heat treatments: they gave him temporary relief but then the pain would return and get worse. From this evidence the court may well have concluded that the administration of 40 such treatments could not properly be regarded as necessary. In the case before us, the treatments given to the plaintiff were, as a matter of common knowledge, the type of treatments which one might expect to be given with reference to the injuries sustained by the plaintiff, and, therefore, we do not regard the

*Victum* case as persuasive as to the correct ruling to be made in this case.

A trial justice, who acts in the capacity of a judge and jury, takes with him his knowledge and experience of affairs and is entitled to use that knowledge and experience in drawing reasonable conclusions from the evidence before him. *McGarrahan v. New York, New Haven & Hartford Railroad Co.,* 171 Mass. 211, 220. In the instant case the trial justice had before him enough believable evidence to show the severity of the accident, and the nature and extent of the plaintiff's injuries suffered in the accident, to warrant his finding that the medical and hospital treatment rendered to the plaintiff was necessary. **Report dismissed.**